THE INDEPENDENT SCHOOL DISTRICT OF ROCK RAPIDS ET AL. V. SCHREINER ET AL.

1. **Judgment**: WHEN SET ASIDE: FRAUD. A judgment may be vacated for fraud practiced by the successful party in obtaining it, by an action commenced within one year after the judgment was rendered.

2. ———: ASSIGNMENT OF: EQUITIES. A judgment is assignable, but the assignee holds it subject to all the equities which could be asserted against it in the hands of the assignor.

3. ———: ACTION FOR VACATION OF. Laches will not be imputed to the judgment debtor who brings his action to set aside the judgment at any time within the period allowed by statute for the bringing of such actions.

4. ———: ESTOPPEL: FRAUD. Where a judgment had been fraudulently obtained against a school district, the fact that the electors had voted a tax to pay such judgment would not estop the district to bring an action to set it aside within a year after it was obtained.

*Appeal from Lyon Circuit Court.*

MONDAY, JUNE 11.

THIS is an action brought to set aside a judgment rendered against the plaintiffs in favor of one E. E. Van Sickel, one of the defendants, in an action upon certain school warrants and to secure the right to plaintiffs in this case to appear, answer and defend in the action wherein the judgment was rendered against them. A trial was had to the court and a judgment rendered granting plaintiffs the relief asked by them in their petition. The defendants appeal. Further facts of the case involved in the questions of law ruled in the opinion appear therein.

*R. J. Chase*, for appellants.

*Joy & Wright*, for appellees.

BECK, J.—I. The petition of plaintiffs, which was filed April 9, 1874, shows that a judgment in favor of E. E. Van Sickel was, on the 18th day of April, 1873, rendered against

the independent school districts of Rock Rapids, Riverside and Little Rock, in Lyon county, upon certain warrants or orders drawn upon the treasurer of the district township of Rock, which, under the law, was re-organized into the independent districts above named These warrants were drawn in 1872, while the district township was in existence. The independent districts were charged in the action with liability on the warrants as successors of the school corporation executing them. The petition further alleges that the judgments were procured by the fraud of the plaintiffs therein, participated in by the officers of the several independent districts. It also shows that the warrants upon which the judgment was recovered were fraudulently issued, were without consideration and were in excess of the constitutional and statutory limit of the indebtedness of the district township. The allegations of fraud in procuring the judgment and the matters alleged affecting the validity of the warrants are denied in defendants' answer. They show that Van Sickel assigned the judgment to the other defendants, Nathan Schreiner & Co., who are good faith holders of the same without notice or knowledge of the frauds charged in the petition.

This action is prosecuted under Chap. 1, title 19 of the Code, which provides that judgments may be vacated for 1. JUDGMENT: fraud practiced by the successful party in obtain-
when set
aside: fraud. ing the same, by an action commenced within one year after such judgment was rendered. The party instituting the proceedings, if the fraud be established, is adjudged to have the right of another trial in order to make defense to the cause of action upon which the judgment was rendered. The trial of the issues is conducted as in other ordinary proceedings.

It will be observed that this action is not triable *de novo* in this court; we can do no more than review the judgment and proceedings of the Circuit Court upon the errors assigned. We will proceed to consider the errors urged upon our attention in the argument of defendants' counsel; others that may be assigned upon the record must be regarded as waived.

It is first insisted that the evidence fails to support the

finding of the court that fraud was practiced by the defendant, Van Sickel, who was plaintiff in the first action in procuring the judgment. We think there is no ground for disturbing the judgment of the court because of want of sufficent proof of the alleged fraud; on the contrary, we are of the opinion the evidence amply supports the court's finding. The statement of a few facts appearing in the record will vindicate the correctness of this conclusion. The plaintiff in the action in which the judgment assailed in this suit was rendered was, at the time the suit was instituted, secretary of one of the independent districts that was a defendant therein. The warrants sued upon were issued to the officers of the district township whose obligations they purport to be, and two others. The officers thus receiving the warrants in many instances rendered nothing whatever in return; in all other cases the face of the warrants exceeded many fold the value of the consideration for which they were issued. The warrants issued to the persons other than the officers were, if possible, more fraudulent in this respect than the others. One of those persons built a house or shed for wood, which, it is proved, did not cost more than sixty dollars; the warrant issued to him therefor was in the sum of $1,100. The other dug a well worth less than $100; he received $700 therefor, or rather the warrant was issued in his name and received by the president of the district township. This much only need be said as to the base frauds in the inception of the instruments sued upon.

The plaintiff in the suit, as we have said, was secretary of one of the defendant independent districts. He claimed property in a part of the warrants only; the others were owned by the president of the same independent district, the same person who had been president of the district township, and received the $700 for the well. *To save costs to the defendants* he placed his warrants with the secretary's, for the purpose of recovering judgment thereon. This explanation is given by this officer in his testimony found in the record. Van Sickel, the secretary, institutes a suit on these warrants while court is in session, and this president of one of the

independent districts, holding a part of the warrants, accepts service of notice in writing, and in the same instrument "waived time" and consented that an appearance be entered for the corporation of which he was president, and that the case should be called for trial at the term of the court then in session. No resistance whatever was made in the case by the officers of the defendants. The presidents of the other districts in a like manner accepted service, and entered into a similar agreement as to appearance and trial at the same term of court. One of them testifies that he was induced to do so by the assurance of Van Sickel, that the warrants were "all straight, and it was time they were out of the way." It is not shown what inducements were held out to the other president, prompting him to consent to the judgment. That the judgment was obtained in this way with a fraudulent design, and by fraudulent acts, and that Van Sickel and the other officers united in the fraud, there is not a shadow of a doubt. The brief and meager statement we have made of the facts shows that the transaction of plaintiff in the judgment and his confederates, both in procuring the warrants and in obtaining the judgment upon them, reek with fraud. We want language to express, with commensurate severity, condemnation of the detestable villainies perpetrated in the case. They rival in wickedness the frauds of the "Tweed Ring" of New York City, now become historic—nay, they go farther, for their perpetrators, with frontless dishonesty, appear in a court of justice, dragging with them the corporation which they have bound by their frauds, and ask judgment of the law to secure to them the fruits of their iniquity. No member of the "Tweed Ring" ever exhibited impudence equaling this. It is a reproach upon justice that the perpetrators of the frauds disclosed in the record before us appear in the courts in attempts to enforce their fraudulent contracts, instead of rendering the service in the State's prison due for their crime.

II. The defendants, Nathan Schreiner & Co., are shown to be innocent purchasers of the judgment for value, without knowledge of the frauds perpetrated by Van Sickel and others, in obtaining the warrants and procur-

2. ——: assignment of: equities.

ing the judgment. But they hold it as assignees subject to all equities or defenses that could have been asserted against it while in the hands of the plaintiff, Van Sickel. *Burtis v. Cook & Sargent*, 16 Iowa, 194; *Isett & Brewster v. Lucas*, 17 Iowa, 503.

Although these parties are innocent holders, the law will not, for their protection, enforce the fraudulent judgment. They stand in the same position of honest purchasers of stolen property; their rights are not superior to those of the plaintiffs, who the conspirators intended should become the victims of their frauds.

III. It is urged that laches of plaintiffs in bringing the action has barred their rights. The action was commenced within one year after judgment was rendered. The statute provides that the proceeding may be instituted within that time. The remedy is secured by the statute to be prosecuted at any time within the year. Laches will not be imputed in the exercise of a legal right within the time prescribed by statute. Such rule would defeat the statute.

No objection can be made to the application of the rule we have just announced in this case, on the ground that Schreiner & Co. were induced to purchase the judgment by the delay of the plaintiffs in bringing this suit. Nothing of the kind is claimed. It was assigned to them soon after it was rendered.

IV. The people of the district voted a tax to pay the judgment. This act, it is claimed, cuts off their right to object to the judgment. But the vote for the tax was after Schreiner & Co. acquired their judgment and had nothing to do in inducing them to purchase it.

It may be here stated that almost immediately after the officers of the district, who are shown to be parties to the frauds developed in this case, were succeeded in their places by others this suit was commenced. It also appears that the frauds were not fully known, or understood by the people, until this change was made in the officers of the district. These facts sufficiently explain the reason of delay in commencing this suit, and the vote of taxes to pay the judgment.

We have considered above. all questions discussed in the argument of defendants' counsel. The judgment of the Circuit Court is

AFFIRMED.