HERMAN RUSSELL, TRUSTEE, APPELLANT, V. M. H. MC-CARTHY ET AL., APPELLEES.

FILED DECEMBER 2, 1903. No. 12,946.

1. Tax Lien: FORECLOSURE. Where, in foreclosure proceedings instituted by a county for the purpose of enforcing its lien for taxes against real estate, it appears that no sale for such taxes has been made by the county treasurer in the manner provided by law, a decree entered in favor of the county, while erroneous, is not void, and, if unappealed from, will be sufficient to devest the owner of his title.

2. Pleadings. Pleadings examined, and held sufficient to sustain the judgment of the trial court.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

H. M. Uttley, Flansburg & Williams and M. J. Sweeley, for appellant.

M. F. Harrington, contra.

KIRKPATRICK, C.

This is a suit brought by Herman Russell, trustee, against M. H. McCarthy and others, in the district court for Holt county, to remove a cloud from certain real estate in that county, and to quiet the title in plaintiff. Trial was had, which resulted in a finding and judgment in favor of McCarthy, quieting title to the premises in him, and dismissing the petition of appellant at his costs. From the judgment so entered, the cause is brought to this court upon appeal. Since the cause has been pending in this court, the bill of exceptions has been quashed, and the only question left for determination is the correctness of the judgment upon the pleadings. It is disclosed by the petition that in the year 1895, and subsequent thereto, appellant was the owner of certain lands in Holt county, and such lands were duly assessed and taxes levied thereon for the years 1895, 1896, 1897, 1898 and 1899; that these taxes remained unpaid and became delinquent; and that in August, 1899, the county of Holt instituted proceedings to foreclose its general lien for taxes, no sale for taxes having been made; that on February 17, 1900, a decree of foreclosure was entered in favor of the county of Holt, determining the amount of taxes due upon each tract of land. It is further alleged that, after the rendition of the decree, appellant paid the decree and all taxes involved therein, and all interest, costs and penalties; but that notwithstanding such payment, the county attorney of Holt county caused an order of sale to be issued upon the decree, and placed the same in the hands of the sheriff, who proceeded to, and did sell all of the premises, and for much more than was necessary to satisfy the decree to appellee McCarthy. Other matters alleged in the petition, tending to show that the sale was void, need not be noted.

To this petition appellee McCarthy answered, denying generally matters not admitted, and pleaded the foreclosure proceedings commenced and had by the county of Holt against appellant, being the same proceedings men-

tioned in the petition, the entry of the decree of foreclosure, and sale thereunder to himself; alleged the regularity of all such proceedings, and the issuance and delivery of a sheriff's deed for the premises; that by such proceedings he had acquired a fee-simple title to the premises. In addition to these allegations, the answer pleaded "that by such action, decree and proceedings, the plaintiff was foreclosed and barred of all equity of redemption or other interest in said premises, and the plaintiff has no interest whatever in said premises; that plaintiff's assertion of title and interest in said land casts a cloud upon defendant's title thereto, and tends to depreciate the value thereof to defendant," the answer closing with a prayer that appellant's action be dismissed, and for a decree quieting title in the answering defendant, appellee.

No reply seems to have been filed to this answer, and the only question requiring determination is whether this answer justified the decree under review. We are of opinion that the effect of the answer filed by McCarthy is to admit in appellant the title to the premises before the commencement of the foreclosure proceedings by the county. The answer then proceeds to set out the foreclosure proceedings in detail, and pleads that as a result of such proceedings appellant was foreclosed of all right, interest or title to the premises. Did the foreclosure proceedings instituted by the county of Holt devest appellant of title? We are of opinion that they did. In the case of *County of Logan v. Carnahan*, 66 Neb. 685, in an opinion on rehearing, 66 Neb. 693, this court say: "Where the court has jurisdiction over the parties and the subject matter of the action, a judgment rendered by it is not absolutely void and subject to collateral attack even though error is committed in holding the petition on which the judgment is based sufficient, as stating a good cause of action. The sufficiency of a petition is not the test of jurisdiction."

Measured by the doctrine announced in the case just cited, it seems clear that while the action of the district

court in the foreclosure proceedings upon which the title of appellee depends was clearly erroneous, yet it is not void. The attack made in the case at bar upon the foreclosure proceedings and sale thereunder upon which appellee based his title, is collateral and not direct, and it follows that in this proceeding, if the judgment attacked was erroneous, merely, the court having jurisdiction of the parties and the subject matter, its judgment must stand as valid and binding unless reversed on error or appeal.

Again, this court in the case of *Logan County v. McKinley-Lanning Loan & Trust Co., ante,* p. 399, speaking upon the same question by HOLCOMB, J., said:

"The district courts are the tribunals having general jurisdiction over actions of this character. In determining whether, in a given case, the county is authorized to maintain a suit to foreclose a tax lien, the court acts upon a matter confessedly within its jurisdiction, and its judgments and decrees become final, unless appealed from or reversed, even though the rendition of the decree is erronous because no tax-sale certificate has been issued by the county treasurer to the county bringing the suit, as is required to be done in the regular exercise of the power thus conferred on such counties."

The bill of exceptions in this case having been quashed, we are unable to determine the respective equities of the parties, but upon the authority of the cases cited, we conclude that the action of the district court in the foreclosure proceedings mentioned in the petition of appellant, while erroneous, were not void, and that for that reason the judgment of the trial court herein is right and should be affirmed. It is recommended that the same be done.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is

AFFIRMED.