Wagener v. Whitmore.

L. A. WAGENER ET AL., APPELLEES, V. SYLVANUS L. WHIT-
MORE ET AL., APPELLANTS.*

FILED JULY 12, 1907. No. 14,865.

1. **Judgment, Vacating:** PETITION. A petition to vacate a judgment
for fraud under the provisions of section 602 of the code is de-
fective, which pleads "that plaintiffs have at the time of filing this
petition a meritorious and valid cause of action against the de-
fendants," without more upon this point; but, in the absence of
any attack upon the same in the trial court by motion or de-
murrer, the general statement will be held sufficient in this court.

2. **Trial.** A party is as much entitled to be heard in the trial court
upon questions of law as upon issues of fact.

3. **Judgment, Vacating:** EVIDENCE. The evidence examined, and *held*
to support a finding that the decree sought to be vacated was
obtained by fraud and misrepresentation.

APPEAL from the district court for Antelope county:
JOHN F. BOYD, JUDGE. *Affirmed.*

*O. A. Williams, G. W. Berge* and *M. I        :gton,* for
appellants.

*W. A. Meserve* and *H. F. Barnhart, contra.*

DUFFIE, C.

This action was brought under the fourth subdivision
of section 602 of the code to vacate a decree entered in
the district court for Antelope county on June 28, 1904.
The petition is quite voluminous, but the material facts
alleged are the following: The original case was brought
by Wagener, in the year of 1902, for the purpose of
redeeming certain lands in Antelope county from a
judicial sale thereof made for delinquent taxes. Kruse
was a defendant in the action, and filed an answer and
cross-bill claiming an interest in the land as mortgagee,
and in his cross-bill he also asked to be allowed to redeem

* Rehearing denied. See opinion, p. 564, *post.*

from the judicial sale made for delinquent taxes.  Before the case was reached for trial, the case of *Logan County v. McKinley-Lanning Loan & Trust Co.,* 70 Neb. 406, had been filed in the supreme court, and, as it was supposed to involve legal questions essential to the determination of the action, the judge of the district court expressed a desire to have the case passed until the supreme court should finally determine that case.  Thereupon, with the knowledge and sanction of the district court, the parties agreed that the case should stand continued until the *Logan County-McKinley* case had been finally determined.  That notwithstanding this agreement, and in June, 1904, and before the final decision in the *Logan County-McKinley* case, the attorney for defendants represented to the court that he was advised by counsel representing plaintiff and Kruse that they did not intend to and would not further appear in said action, and induced the court to try the case and enter a decree therein dismissing the plaintiff's petition and Kruse's cross-bill.  It is further alleged in the petition to vacate the judgment that plaintiffs had no knowledge of the fraudulent acts of defendants' attorney and his misrepresentations to the court to induce it to hear and dispose of the case until December, 1904, and after the court had adjourned for the term.  Before commencing the trial of the present action, the defendants filed a written request that the court make special findings of fact in order that they might except to questions of law involved in the findings.  The court found specially that there was an agreement, as alleged in plaintiffs' petition, to continue the case until after the final decision by this court of the *Logan County-McKinley* case, which was entered into by the parties in the presence of and with the knowledge and approval of the court; that the plaintiffs relied upon said agreement, and paid no further attention to the case pending the decision of that case; that on June 28, 1904, in violation of this agreement, and before this court had settled and determined the law with reference to redemption from county tax

sale foreclosures, and before this court had handed down its final opinion in the case of *Logan County v. McKinley-Lanning Loan & Trust Co.*, and without the knowledge or consent of the present plaintiffs or their counsel, and in their absence, counsel for defendants, in open court, called up the case, and had the same set down for hearing, and caused the same to be heard and the judgment and decree described in the petition made and entered fraudulently and in disregard of the rights of the present plaintiffs; that the plaintiffs and the counsel for Wagener and Kruse were not aware of and had no knowledge of said decree until after the court had adjourned, and that they used due diligence in the premises. The trial judge embodies the following statement in the bill of exceptions: "I distinctly remember promising Mr. Meserve that I would not pass upon the demurrer involved in the case of *Wagener v. Whitmore* until the supreme court had finally settled the question of redemption from tax sales, and said cause was continued from time to time by reason of that fact and the agreement of counsel in regard thereto. On June 28, 1904, Mr. Williams called said case up, and there being no attorneys for the plaintiffs and the defendant William G. Kruse present, such fact and the fact of the agreement was by me called to the attention of Mr. Williams, and he informed me that he had taken the matter up with one of the attorneys interested for the plaintiffs and the defendant William G. Kruse, and that they had told him that they did not desire to appear further or do anything further in the case. Acting upon this statement I rendered the judgment as shown by the record." The district court entered a decree vacating the judgment entered on June 28, 1904, and reinstating the case for trial as fully as if said judgment had not been made and rendered, and from this decree the defendants have appealed.

We have examined the evidence with some care, and there can be no question that the action brought to redeem from the tax sale was, by agreement of the parties

to that action, to be continued to await the action of this
court in the *Logan County-McKinley* case. It is too
plain for dispute that the attorney for defendants in that
action fraudulently represented to the court that plain-
tiffs therein and the defendant Kruse, who had filed a
cross-bill, did not wish to appear further in the case. We
cannot overlook the statement by the trial judge, who has
a distinct remembrance of calling the counsel's attention
to the agreement. He evidently desired that it should be
carried out in good faith. That the court was imposed
upon and entered the decree upon the false representa-
tions made by defendants' attorney is too clear for con-
troversy, and in this state of the case it cannot be expected
that this court will be swift to look for errors in the
record or to discover reasons for reversing a judgment
which vacates a decree entered through fraud practiced
by the attorney of the successful party, and misrepresen-
tations made to the court to induce him to disregard an
agreement made with his consent and approval. It is
insisted that the petition to vacate the judgment does not
state a cause of action. At the time of the agreement to
continue the original case to await the action of this court,
Wagener's petition stood upon demurrer interposed
against it by the defendants. On June 28, 1904, when
the case was taken up for trial, this demurrer was sus-
tained by the court, and, at the suggestion of defendants'
counsel, and in the absence of any one representing the
plaintiff, the court made an entry to the effect that the
plaintiff elected to stand upon his demurrer, and there-
upon a final decree was entered dismissing the petition.
It is now insisted by appellants that no fraud was prac-
ticed by them, because no question of fact was involved
in the proceedings had by the court. In their brief it is
said: "It was impossible to practice fraud. If the court
and appellants had combined, they could not practice
fraud in the entry of the decree which it is sought to
set aside. Where there is no question of fact to be investi-

39

gated, there can be no fraud in procuring the decree. The sole question involved in the case was one of law. Whether the district court decided that question of law properly or improperly is immaterial on the question of fraud. If the court decided it wrong, it does not constitute fraud. The court sustained a demurrer to the petition, gave the plaintiff an exception, and dismissed the action. The demurrer admitted the truth of every fact stated in plaintiff's petition. The court did not determine any fact against appellees. Every fact they claimed was admitted by the demurrer. The rule of the court was based solely upon the law. No matter which way the court ruled its ruling could not constitute fraud."

The petition to which the demurrer was interposed showed that the action to redeem was brought within two years from the date of the judicial sale. In *Logan County v. Carnahan*, 66 Neb. 685, and *Clifford v. Thun*, 74 Neb. 831, we held that an action to redeem from a judicial sale for taxes might be maintained if brought within two years from the date of the sale. That appears to have been the very question raised by the demurrer. The parties were entitled to be heard upon that question, not then decided. A party is as much entitled to be heard upon a legal proposition pending before the court as upon questions of fact raised by the pleadings. To deprive a party of his right to be heard upon a question of law raised by the pleadings, in violation of an agreement that he shall be heard, is, to our minds, as censurable as to deprive him of a hearing upon issues of fact made.

It is further claimed that, as to Kruse, he is entitled to no relief from the fact that his cross-bill seeking to redeem his mortgage was not filed for more than two years after the judicial sale. It may be true that the facts stated in his cross-petition would not entitle him to redeem on account of his failure to apply to the court for that purpose in due time, but it cannot be denied that if Wagener, the plaintiff in the action, was allowed to redeem, and

was reinvested with the legal title, Kruse might then assert his mortgage against it. This being the case, he had an interest in the success of the plaintiff, and he might, if he so elected, file an intervention under section 50a of the code, "by joining the plaintiff in claiming what is sought by the petition." It might be further stated that the answer to Kruse's cross-petition did not raise the issue that his application to redeem did not come in time.

It is further urged that plaintiffs herein were not diligent in taking steps to vacate the judgment after learning that it had been entered. Were this a suit in equity to obtain a new trial, the objection would be a serious one; but the statute under which the action is brought gives the plaintiffs two years in which to proceed under it. A similar statute in Iowa limits the time within which a petition to vacate a judgment for fraud may be filed to one year. In *Independent School District v. Schreiner,* 46 Ia. 172, objection was made that the plaintiff had not acted promptly in availing itself of the provisions of the statute, and the court said: "The action was commenced within one year after judgment was rendered. The statute provides that the proceeding may be instituted within that time. The remedy is secured by the statute to be prosecuted at any time within the year. Laches will not be imputed in the exercise of a legal right within the time prescribed by statute." The judgment sought to be vacated was entered June 28, 1904, and plaintiffs commenced this action February 25, 1905, and within eight months from the time that the right accrued to them. There was no laches.

It is further objected that the petition in this case does not allege facts showing that the plaintiffs have a meritorious cause of action against the defendants. It is true that their petition is defective in this respect, the tenth paragraph of the petition alleging in general terms only "that each of said plaintiffs have at the time of filing this petition a meritorious and valid cause of action against the defendants," etc. The sufficiency of the petition in this

respect was not questioned by motion, demurrer, or in any other way, in the trial court, and, since the petition contains the necessary allegation in general terms, the defendants cannot, for the first time, raise the question in this court, and ask a reversal on a point not raised or passed on by the court below. *Omaha Nat. Bank v. Kiper*, 60 Neb. 33.

The foregoing, while perhaps not noticing each particular objection raised by the appellants, covers the principal questions discussed and disposes of the principles involved in the case.

We recommend an affirmance of the judgment appealed from.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.

The following opinion on motion for rehearing was filed February 20, 1908. *Rehearing denied:*

REESE, J.

An opinion was written in this case by Commissioner DUFFIE, which is reported *ante*, p. 558. Defendant has filed a motion for rehearing supported by a vigorous brief.

After a careful consideration of the motion and brief, the court is inclined to the opinion that the result of the hearing before the commission is right and that the conclusion should stand. But it may be, and probably is, true that the attorney for defendants acted in good faith in his efforts to apprise plaintiffs of what he designed doing in the matter of calling the case for trial and also in seeking to notify him of the action of the court after the decision of the case. It would hardly be in accordance with the spirit of equity and justice to deprive plaintiffs of their legal right to redeem their land because they relied upon the agreement to allow the case to stand

without trial until the case of *Logan County v. McKinley-Lanning Loan & Trust Company,* then pending in this court, should be decided. That such an agreement was made in open court, and so understood by plaintiffs and the judge presiding at the time, must be believed. While the statement of the judge of the fact included in the bill of exceptions may have been somewhat irregular, yet it cannot be ignored, and must be taken as true. It, no doubt, expresses truthfully the understanding the judge had in the matter. An opinion was rendered by the supreme court in the *McKinley-Lanning* case upholding the contention of the defendants. Their attorney then, in a somewhat informal way, notified one of the previous counsel for plaintiffs, not knowing that he had severed his connection with the case, that he proposed calling up the case at a session of the court soon thereafter to be held. He did so call up the case and took his judgment. In the meantime, a rehearing was allowed in the *McKinley-Lanning* case, and a final decision was rendered, reversing the former one and holding in favor of plaintiffs. The mistake of defendants was made in not ascertaining the fact of the motion and final action of the court in that case on the rehearing. It is the opinion of the writer and his associates that the defendants probably acted in good faith and without actual fraudulent intent in procuring the judgment of which complaint is made, but yet the case comes within the rule, and the decision of the district court setting aside the former judgment must stand.

The motion for rehearing is overruled, and a rehearing

DENIED.