VERGIL R. CASS ET AL., APPELLANTS, V. JOSEPH NITSCH ET
AL., APPELLEES.

FILED MARCH 19, 1908. No. 15,089.

1. **Taxation**: FORECLOSURE OF TAX LIEN: JUDGMENT: COLLATERAL AT-
TACK. Under the revenue law in force in 1901, a petition by a
county to foreclose a tax lien, which fails to allege an antecedent
sale for taxes by the county treasurer, does not state a cause
of action, but the judgment rendered thereon is not void, and
the charge in the petition collaterally attacking the same that
the party claiming under such judgment knew there had not
been an antecedent sale does not make such case an exception
to the rule.

2. **Judgment, Vacating**: SHOWING. Where the affidavit required by
section 82, of the code is in the form of a petition verified by
the attorney of a nonresident defendant who deposes that he
believes the facts stated in the petition are true, it is insufficient,
especially where it fails to show that the attorney had personal
knowledge of the fact that the defendant did not have notice
of the pendency of the action in time to appear and defend.

APPEAL from the district court for Hayes county:
LESLIE G. HURD, JUDGE. *Affirmed.*

*Starr & Reeder,* for appellants.

*M. F. Harrington* and *C. A. Ready, contra.*

CALKINS, C.

The plaintiff Vergil R. Cass in 1901 was the owner of a
tract of land in Hayes county against which certain state,
county and school district taxes had been levied for the
years from 1894 to 1900, inclusive. There had been no
administrative sale for these taxes, but the county com-

menced and prosecuted action to foreclose the lien thereof. Constructive service was had upon the plaintiff Cass, but he had no actual notice of the pendency of the action in time to appear and defend, and the same was prosecuted to final decree and the land sold to the defendant Joseph Nitsch, to whom it was conveyed by the sheriff after confirmation of such sale by the district court. In 1904 the said Vergil R. Cass and one Jesse C. McNish filed their petition in the district court, setting forth the foregoing facts, alleging that the plaintiffs were the owners of said land, and praying that an account be taken of the amount due for taxes against the same, and the rents and profits thereof received by the defendant Nitsch; that such rents and profits be set off against the amount due for taxes, penalties and costs; and that the deed so made by the sheriff to the said defendant Nitsch be declared void, and the title to said premises quieted in the plaintiffs. To this petition the defendants demurred, and, the demurrer being sustained, judgment was rendered for the defendant, from which plaintiffs prosecute this appeal.

1. It is held that collection of a land tax by judicial sale without an antecedent sale by the county treasurer is contrary to the provisions of the revenue law in force at the time of the commencement of the suit so brought by the county of Hayes, and it is clear that the petition in that case did not state facts sufficient to constitute a cause of action. *Logan County v. Carnahan*, 66 Neb. 685, 693. It is, however, well settled and upon sound principles that such a judgment is not void nor subject to collateral attack. *Logan County v. Carnahan*, 66 Neb. 693; *County of Logan v. McKinley-Lanning L. & T. Co.*, 70 Neb. 399; *Russell v. McCarthy*, 70 Neb. 514. The plaintiff seeks to except this case from the operation of the rule last above stated by alleging that the purchaser knew that the action was brought without any previous administrative sale; but this can make no difference. In every case where the petition fails to state a cause of action it must so appear upon the record, and it could, therefore, be said that the

purchaser at a sale under a decree rendered upon such a petition took deed with notice of such fact; but he also takes it with the knowledge that the sufficiency of the petition is not a test of jurisdiction, and that the decision of the district court that the petition does state such cause of action, however erroneous such judgment may be, becomes final, and can only be questioned upon appeal or error.

2. The plaintiffs contend that their petition should be considered as an application under section 82 of the code, and that they should be let in to defend the action under the provisions of that statute. The petition is not in form of such an application, nor does the prayer thereof indicate that the plaintiffs at the time of the commencement of their action intended to proceed under that section. Without determining how far a party who has an election of remedies is bound to pursue and be judged by the rules of law regulating the one he has chosen at the commencement of his suit, we turn to the inquiry whether the plaintiffs by the filing of their petition have, in substance, if not in form, fulfilled the conditions imposed by section 82. This section provides that a party seeking to open such a judgment must, among other things, make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. No such affidavit was filed, unless the petition may be considered as such or equivalent thereto. The petition is verified by the affidavit of one of the plaintiffs' attorneys, who deposes that all the plaintiffs are absent from the county of Hayes, and are nonresidents thereof; "that he has read the foregoing petition, and believes the statements, facts and allegations therein contained are true." This is no more than an affidavit that the plaintiffs' attorney believes that during the pendency of the action the plaintiffs had no actual notice thereof in time to appear in court and make their defense. In order for a petition to be regarded as an affidavit, it must be sworn to positively. The fact that the party had no actual notice of

the pendency of the action in time to appear and defend the same is usually one of which he alone is cognizant, and such fact will ordinarily best appear from the affidavit of the party himself. Where the affidavit is made by another person, it must set forth the facts showing that the person making the affidavit had the means of knowing, and did know, that the party making the application had no such notice. Nothing short of this would, in the language of the statute, "make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof." We therefore think that the petition, regarded as an affidavit under section 82 of the code, is insufficient, and that the demurrer of the defendants was properly sustained.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.