E. D. JONES, APPELLANT, V. PAUL FISHER ET AL., APPELLEES.

FILED FEBRUARY 28, 1911.   No. 16,317.

1. **Taxation:** FORECLOSURE OF TAX LIEN: JURISDICTION. In an action brought in the district court by a county to foreclose a tax lien on real estate for delinquent taxes assessed and levied prior to 1903, the determination of the question whether or not the county could, under the statute, maintain such action, without an antecedent administrative sale by the county treasurer and the issuance to the county of a tax sale certificate as a basis for such proceedings, goes to the existence of a cause of action, and not to the jurisdiction of the court.

2. ———: ———: DECREE: VALIDITY. And in such a case, while the judgment or decree would be erroneous in the sense that a reversal of it might be obtained by prosecuting an appeal therefrom, yet it is not for that reason void and subject to collateral attack.

3. **Mortgages:** Assignment: Record. An assignment of a real estate mortgage is an instrument affecting the title to real estate, within the purview of our recording act.

4. ———: Foreclosure: Decree: Conclusiveness. "An assignee of a mortgage whose assignment is not of record is barred by a decree foreclosing a prior lien in a suit to which his assignor, who appeared of record as owner of the incumbrance, was made a party, unless he records his assignment prior to the recording of the deed under judicial sale pursuant to such decree." *Gillian v. McDowall*, 66 Neb. 814.

Appeal from the district court for Box Butte county: James J. Harrington, Judge. *Affirmed.*

*Montgomery & Hall*, for appellant.

*William Mitchell, contra.*

Fawcett, J.

From a decree of the district court for Box Butte county, dismissing plaintiff's suit for the foreclosure of a mortgage upon the southwest quarter of section 27, township 27, range 50, in said county, plaintiff appeals.

The material facts are that in August, 1889, defendant Paul Fisher obtained a loan of $500, from the American Loan & Trust Company, for which he gave his first mortgage bond payable August 1, 1894. To secure this bond Fisher and his wife executed to the trust company a mortgage upon the land above described. September 2, 1889, the trust company assigned the bond and mortgage to plaintiff by written assignment which was never acknowledged or recorded. Subsequently, the trust company went into the hands of a receiver, appointed by the United States circuit court. September 21, 1894, the receiver of the trust company, under an order of court, executed to plaintiff a written assignment of the mortgage which recited that the same was given "for the purpose of perfecting an unacknowledged assignment dated September 2, 1889." This assignment was not recorded by plain-

tiff until June 24, 1908, and plaintiff brought the present suit September 16, 1908. In the meantime, and on September 24, 1901, Box Butte county brought a foreclosure suit in the district court, for the taxes for the years 1894 to 1899, inclusive, making the Fishers and the American Loan & Trust Company defendants. The Fishers being nonresidents, service was had upon them by publication. Personal service was duly had upon the American Loan & Trust Company. That suit proceeded to a decree in which the court found that due service had been had upon all of the defendants therein and entered default against each of the defendants for want of answer; that the lands described were liable to assessment and taxation for the years named; that said taxes had been duly assessed (for certain sums named); that said taxes were due and delinquent; "that the said lands have been advertised for sale for the payment and satisfaction of the said taxes for the length of time and in the manner required by law, and, having been offered for sale by the county treasurer of said county, the same was not sold for the want of bidders, and that the said taxes constitute a first lien and paramount lien upon the said real estate;" and adjudged that "in case the defendants fail for 20 days from the entry of this decree to pay or cause to be paid to the plaintiff (the costs and amount found) that the defendants be foreclosed of all equity of redemption in and to the said real estate," and that the said premises be sold as upon execution, etc. A sale was duly had and confirmed and a deed issued to the bidder, Theodore Colvin, defendant herein. The sheriff's deed was dated August 19, 1902, and filed August 21, 1902. Defendant Colvin went into possession of the lands under the deed and has retained such possession ever since. The main points argued by plaintiff here, and the only ones we deem it necessary to consider, are: (1) Were the proceedings and decree of the district court in the tax foreclosure suit void for want of jurisdiction? (2) If not, were plaintiff's rights under his unrecorded assignment barred by such decree, he hav-

ing failed to redeem from such sale and the confirmation thereof within two years? Neither of these questions is now an open one in this state. In *Logan County v. Carnahan*, 66 Neb. 685, we held that as the law then stood "no action for the foreclosure of a tax lien can be maintained, unless based upon a tax deed and tax sale certificate." In all cases arising prior to the amendment of the statute in 1903, that decision has been adhered to; but in *Logan County v. McKinley-Lanning Loan & Trust Co.*, 70 Neb. 399, we held: "(1) In an action brought in the district court by a county to foreclose a tax lien on real estate for delinquent taxes, the determination of the question whether or not the county could, under the statute, maintain such action, without an antecedent administrative sale by the county treasurer and the issuance to the county of a tax sale certificate as a basis for such proceedings, goes to the existence of a cause of action, and not to the jurisdiction of the court. * * * (3) Where the district court has jurisdiction of the subject of the action and of the parties in a foreclosure proceeding, questions which affect the regularity of the decree are concluded thereby. Such a decree cannot be assailed for any mere irregularity upon a motion to set aside a sale made in pursuance of such decree." In the opinion we said that the petition praying for a foreclosure of the tax lien upon which the decree was based was manifestly defective "in that it was not alleged that the land had been sold for delinquent taxes by the county treasurer and a tax sale certificate issued to the county, as is held must be done in the recent case of *Logan County v. Carnahan*, 66 Neb. 685; on rehearing, 66 Neb. 693. But, while the judgment or decree was erroneous in the sense that a reversal of it might have been obtained by prosecuting an appeal or a petition in error, yet it was not, for that reason, void and subject to collateral attack. * * * In determining whether, in a given case, the county is authorized to maintain a suit to foreclose a tax lien, the court acts upon a matter confessedly within its jurisdic-

tion, and its judgments and decrees become final unless appealed from or reversed, even though the rendition of the decree is erroneous because no tax sale certificate has been issued by the county treasurer to the county bringing the suit, as is required to be done in the regular exercise of the power thus conferred on such counties." We think this is decisive of the first point above noted.

As to the second point, we held in *Ames v. Miller*, 65 Neb. 204, that an assignment of a real estate mortgage is an instrument affecting the title to real estate, within the purview of our recording act; and in *Gillian v. McDowall*, 66 Neb. 814, we held: "An assignee of a mortgage whose assignment is not of record is barred by a decree foreclosing a prior lien in a suit to which his assignor, who appeared of record as owner of the incumbrance, was made a party, unless he records his assignment prior to the recording of the deed under judicial sale pursuant to such decree." Under these holdings the second point must also be decided adversely to plaintiff.

Our holdings in the above cases have not been overruled or departed from and must now be considered as the settled law of this state. The service in the tax foreclosure suit upon the American Loan & Trust Company, the mortgagee of record at the time that suit was instituted, was personal service in due form. The assignment of plaintiff was not recorded until many years after defendant had obtained and recorded his sheriff's deed and gone into possession of the lands thereunder. No attempt was ever made by plaintiff to redeem from the tax sale within the statutory period of two years, nor at any time until the commencement of this suit. All rights under his mortgage are therefore barred, and the judgment of the district court in dismissing his suit was right. Under this holding we think the other points discussed in plaintiff's brief are immaterial.

The judgment of the district court is therefore

AFFIRMED.