ELZINA MATHEWS, APPELLANT, V. FRANK E. GILLETT ET
AL., APPELLEES.

FILED FEBRUARY 10, 1912. No. 16,612.

Taxation: FORECLOSURE OF TAX LIEN: JURISDICTION. In the district court, a county's foreclosure of a tax lien on land without an antecedent administrative sale is not, on account of that omission, void for want of jurisdiction.

APPEAL from the district court for Brown county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Martin Langdon,* for appellant.

*A. W. Scattergood, contra.*

Rose, J.

The action is ejectment, commenced October 12, 1908, for 200 acres of land in Brown county. Defendants answered that they acquired title through a tax-foreclosure sale made by the sheriff January 28, 1902, at the suit of Brown county, and confirmed by the district court February 6, 1902. Plaintiff replied that the sheriff's sale was void for want of jurisdiction, there having been no antecedent administrative sale by the county treasurer to Brown county. The present action was dismissed, and plaintiff has appealed.

To obtain a reversal, plaintiff relies on a former holding that the foreclosure of a tax lien is erroneous, unless based on a tax-deed or tax-sale certificate. *Logan County v. Carnahan*, 66 Neb. 685, 693. That rule does not apply to the present suit, which is a collateral attack on such a foreclosure. It is established by repeated decisions that the foreclosure of a tax lien on land without an antecedent administrative sale is not, on account of that omission, void for want of jurisdiction. *Jones v. Fisher*, 88 Neb. 627; *Hardwick v. Snedeker*, 88 Neb. 515; *Cass v. Nitsch*, 81 Neb. 228; *Wagener v. Whitmore*, 79 Neb. 558; *Selby v. Pueppka*, 73 Neb. 179; *Russell v. McCarthy*, 70 Neb. 514.

Complaint is made because the trial court admitted in evidence the record of the tax-foreclosure suit. The principal objection thereto was the unfounded one that the court in which the judgment of foreclosure was rendered had no jurisdiction. Objections were also made on other grounds but were properly overruled. There is no error in the record, and the judgment is

AFFIRMED.