WALTER L. SELBY v. E. W. PUEPPKA ET AL.

FILED JANUARY 18, 1905.     No. 13,157.

1. Petition: JURISDICTION: DECREE. A demurrable petition may confer jurisdiction on a district court, and a decree, valid unless appealed from, may sometimes be rendered upon it.

2. ———: FORECLOSURE OF TAX LIEN. That a petition for foreclosure of a tax lien discloses that no preliminary sale for taxes was had will not of itself render the foreclosure proceedings totally void, if had *coram judice*, and with jurisdiction of the parties.

3. **Tax Sales:** REDEMPTION. Section 3, article IX, of the state constitution, providing for two years' time within which to redeem from tax sales, applies to judicial as well as to administrative sales.

ERROR to the district court for Rock county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Gaines, Kelby & Storey,* for plaintiff in error.

*J. A. Douglas, contra.*

HASTINGS, C.

In this suit in equity, brought by a grantee of the original owner to redeem land sold for taxes at a judicial sale, a general demurrer was sustained by the court to plaintiff's petition. He elected not to plead further, and from a judgment of dismissal brings error.

The sale for taxes was made by the sheriff of Rock county upon a decree of foreclosure entered at suit of Rock county. There had been no administrative sale for taxes. The county sought to foreclose a tax lien without resorting to a sale. It procured the premises to be sold to defendant's grantor, and the sale to be confirmed, and a sheriff's deed to be issued upon it. Afterwards this title was conveyed to defendant. The owner at the time of the assessment of the taxes afterwards conveyed to the plaintiff, who brought this action to redeem from the taxes, alleging that the foreclosure proceedings were all void, for the reason that the petition of the county in that action showed there had been no prior sale of the premises for taxes. It is also urged that the constitution of the state allows a redemption within two years from any tax sale. It is urged on the other side that the fact that a petition is demurrable does not make the decree of a competent court subject to collateral attack, where the parties were before it and the subject matter one of which the court had cognizance. This is thought to be a sufficient answer to the claim that the foreclosure proceedings are void.

To the claim that the two years' time for redemption from sales for taxes has not run, it is replied that the decree of confirmation is as conclusive as to the sale as that of foreclosure is as to the lien and right to sell under it. It is urged that to permit a redemption now is to allow a collateral attack upon the decree of confirmation. So far as plaintiff's first contention is concerned, it would seem that defendant's claim is good. An insufficient complaint often confers jurisdiction. 1 Freeman, Judgments (4th ed.), sec. 118. As is said in *Logan County v. Carnahan,* 66 Neb. 693, there is no lack of power in the district court. In a proper case it can grant a foreclosure of a tax lien. Whether or not a proper case was presented to it on Rock county's allegations was for that court to determine as to this land. Plaintiff's grantor was before the court, and if aggrieved by its decision he should have appealed.

As to the second contention of plaintiff—that he has a right of redemption—defendant's answer is not so good. The terms of the constitution are very sweeping. Art. IX, sec. 3. A right of redemption is given from all sales of real estate for the nonpayment of taxes for two years after the sale. This provision has been held to be self-executing. *Lincoln Street R. Co. v. Lincoln,* 61 Neb. 109. It has also been declared to apply to judicial sales as well as to administrative sales. *Logan County v. Carnahan,* 66 Neb. 685. We see no reason for suggesting any change in the ruling. The confirmation applied only to the regularity of the proceeding. It held the sale valid and regular, but in no way adjudicated the right of redemption from it. The latter existed by virtue of a self-executing constitutional provision independent of the court. The court's action must be held to have been taken with this right in view. Of course, in this view, that confirmation, like the other proceedings in this sale, was had provisionally and subject to the right of redemption—the costs of the sale, as well as the costs of foreclosure, being added to the taxes and interest in making the redemption.

It is recommended that the decree of the district court

be reversed and the cause remanded for further proceedings in accordance with law.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED.