MANLIUS SQUIRE, APPELLANT, v. MICHAEL H. MCCARTHY ET AL., APPELLEES.*

FILED NOVEMBER 10, 1906.   No. 14,394.

Tax Lien: FORECLOF URE: REDEMPTION.  When an action by a county to foreclose a tax lien upon a tract of land has proceeded to judgment of foreclosure and sale, and a sale has in fact been had, though not yet confirmed, the tax lien has become merged in the decree, and the taxpayer's right to discharge the same by payment of the tax to the county treasurer in the ordinary way is superseded by his right to judicial redemption which must be obtained, if at all, by means of procedure appropriate thereto.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*R. R. Dickson,* for appellant.

*M. F. Harrington, contra.*

AMES, C.

The plaintiff was the owner of a tract of land in Holt county, in this state, upon which general state and local taxes were delinquent for the years of 1897 and 1898, and in January, 1900, the county begun an action to foreclose the public lien for these taxes in the manner approved by this court in *Logan County v. McKinley-Lan-*

*Rehearing allowed.  See opinion, p. 431, *post*,

*ning L. & T. Co.,* 70 Neb. 399. Constructive service was made by publication, and the action proceeded regularly to decree, sale and confirmation, and to a deed to the purchaser who went into possession of the premises. The plaintiff did not know of the pendency of the action until after the lapse of a year and a half from the date of the sheriff's deed. Between the time of the sheriff's sale and the confirmation thereof the plaintiff paid the amount of the delinquent taxes, interest and penalties to the county treasurer, and received the usual treasurer's receipt therefor. The money for this payment was remitted by mail, and, although there was a memorandum on the tax list indicating the pendency of the action, he was not informed of it and, of course, made no attempt to redeem from the decree. The purchaser at the sale has not been reimbursed or tendered the amount of his bid, and has conveyed the premises by deed. This is an action by the former owner of the land, seeking upon the foregoing facts to attack the proceedings in foreclosure and the title thereby created, and to quiet his own title against them. There was a judgment of dismissal, and the plaintiff appeals.

Counsel for appellant admits having made diligent and extended, but wholly unsuccessful, search for authority in support of his suit, and we are ignorant of any, or of any principle upon which his action can be maintained. The jurisdiction of the court in which the foreclosure action was had is not now open to question, nor is the validity or conclusiveness of its judgment of foreclosure and sale. Without doubt, the tax lien became merged in the decree, and the plaintiff's right to pay the taxes, by ordinary methods, to the treasurer was superseded by his right to judicial redemption, which object could have been obtained only by the pursuit of such procedure as is prescribed by statute or the rules of court, or adapted to the making of redemption from judicial liens, decrees or sales. Any other course would lead to inextricable confusion, and subject titles resting upon

such decrees and sales to such infirmity and insecurity as to render the procedure practically ineffectual.

Some attempt was made to show that the appraisement upon which the judicial sale was made was fraudulently low, but we think it was ineffectual. It is certainly insufficient to justify a collateral attack.

It is therefore recommended that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

The following opinion on rehearing was filed May 24, 1907. *Former judgment of affirmance vacated and judgment of district court reversed with directions:*

1. **Tax Lien**: FORECLOSURE: REDEMPTION. Before a tax sale had been had by the county treasurer, Holt county brought an action to foreclose an alleged tax lien on the plaintiff's land, which action proceeded to decree and sheriff's sale. After the sale and before the confirmation the plaintiff, in ignorance of these facts, paid to the county treasurer the full amount of the taxes and interest charged against the land. The treasurer accepted the money and issued receipts in due form therefor without notifying the plaintiff of the pendency of the action which was prematurely brought. *Held*, That the acceptance of the money by the county treasurer and the issuance of the tax receipts operated as a satisfaction of the decree so far as the plaintiff is concerned, and that he is entitled to have the sheriff's deed set aside in equity, the land being still in the hands of the original purchaser.

2. ———: ———: EQUITY. In such case, the loss, if any, is attributable to the negligence of the county treasurer, and the wrongful act of the county in attempting to foreclose its lien before its right to do so legally accrued, not to the failure of the taxpayer who was within his legal right and should be protected.

LETTON, J.

The plaintiff, who is a resident of Wisconsin, in 1891 became the owner of a tract of land in Holt county,

Nebraska. He has paid taxes on the same from 1892 to and including the year 1901, but he allowed the taxes for the years 1897, 1898 and 1899 to become delinquent. In May, 1900, he sent by mail to the county treasurer sufficient money to pay the taxes for each of these years, with accrued interest to date, and with one dollar extra fee for each receipt allowed by statute to the treasurer for payment of taxes by letter. In January, 1902, after he had sent the money for the payment of the taxes for 1901, he was informed by the county treasurer that the land had been assessed to M. H. McCarthy for the year 1901, and upon making further inquiry he received another letter from the county treasurer informing him that his land had been sold under tax foreclosure proceedings in 1900 to McCarthy, and that the sale had been confirmed and a deed made. He then brought this action to set aside the sale.

In January, 1900, the county attorney of Holt county began an action in the name of that county to foreclose a tax lien on the land for the delinquent taxes of 1897 and 1898. A decree was rendered on March 13, 1900, upon constructive service for $2,782, the land was sold at sheriff's sale on May 28 for $100.60, and on July 16 the sale was confirmed. The plaintiff sent the money to pay these taxes to the county treasurer in May, as he testifies, but the treasurer's books show that the taxes were paid on the 4th day of June, 1900, so that after the sale and before the confirmation the county had accepted, through its treasurer, the payment of the taxes and interest. The action to foreclose was improperly and prematurely brought, for the reason that at the time it was begun the county had not acquired the right to maintain it by the purchase of the land at treasurer's sale. *Logan County v. Carnahan*, 66 Neb. 685, 693. If the land had been sold at treasurer's sale for the tax of 1898 the right to foreclose would not have accrued until November, 1900, more than six months after the payment by plaintiff. So that if the usual and orderly course of tax

collection had been followed no action of this nature could have been begun until long after the time at which the plaintiff paid his taxes. By the negligence of the county treasurer the plaintiff was not notified of the pendency of the action when he paid the taxes, and was allowed to rest in apparent security until after the sale had been confirmed and a deed made to the purchaser. The title to the land has not passed from the purchaser at sheriff's sale as was erroneously stated in the former opinion, but is still held by him in his own right. The condition that presents itself then is: In whom is the superior equity? Is it with the owner of land who has paid his taxes before any sale of the land by the county treasurer upon which an action to foreclose might properly be begun, and who relied, and had the right to rely, upon the proper discharge of duty by the county officers, or is it with the purchaser at sheriff's sale under a decree which was clearly erroneous, but not absolutely void, and whose purchase was confirmed by the court after the taxes had been paid and the money accepted by the plaintiff in the suit, and without knowledge on the part of the court of such facts as would have made it improper and unjust to confirm the same? The statute makes no specific provisions with reference to the manner of redemption by landowners when proceedings are pending to foreclose tax liens, nor is any person designated who may receive money in redemption other than the county treasurer; hence, the plaintiff, when he attempted to pay his taxes, had a right to rely upon information of any foreclosure proceedings being furnished him by the officer of the county charged by law with the duty of collecting taxes. The taxpayer apparently did everything that the law required him to do. He paid to the proper officer the amount shown by the tax books that was chargeable against the land, with interest to date, and in addition paid the statutory fee which the treasurer is allowed to collect from nonresidents for the payment of their taxes, and this he did before the land had

been sold at tax sale by the treasurer and before anyone had a right to foreclose a tax lien. On the other hand, the county brought an unwarranted action, and obtained a decree which, though not justified by the facts, was not void for want of jurisdiction, under the ruling in *Logan County v. McKinley-Lanning L. & T. Co.*, 70 Neb. 399. It was the plain duty of the county treasurer to give to the plaintiff, at the time he paid the taxes, information that such an action had been begun, and he should not be compelled to suffer on account of the nonperformance of this duty by the agent of the county. In a similar case the supreme court of Iowa has said:

"The purpose of the law, in divesting the estate of a landowner upon sales and deeds executed thereunder for delinquent taxes, is to coerce the negligent and unwilling citizens to obedience of the law in payment of their taxes. It is not directed against those who, in the exercise of proper diligence, and in good faith, attempt to obey the law and discharge their duty as good citizens by the payment of taxes levied upon their property. If the landowner pays, tenders, or in good faith and without negligence attempts to pay his taxes, and is defeated in his efforts to discharge them by the fault and negligence of the officers charged with the duty of receiving the money and making proper records thereof, a sale and deed of the property will not be enforced." *Corning Town Co. v. Davis*, 44 Ia. 622.

And so in an Illinois case, the landowner called upon the county clerk, whose duty it was to inform him of the amount necessary to be paid to make redemption and whose duty it was to receive the money. The full amount which this officer required was paid and a certificate of redemption issued, but a subsequent tax had not been included upon which a tax sale was afterwards had. The action was to set aside a deed based upon this subsequent sale. The court say: "Here was a mistake of an officer for which appellees were in no manner responsible. For this mistake shall they lose their land, or is it within

the power of a court of equity to relieve as against that mistake, and thus protect appellees in the title to their land?" *Gage v. Scales,* 100 Ill. 218.  See also *Converse v. Rankin,* 115 Ill. 398; *Freeman v. Cornwell,* 15 Atl. (Pa.) 873; *Bubb v. Tompkins,* 47 Pa. St. 359; *Dietrick & Wilson v. Mason,* 57 Pa. St. 40; *Hintrager v. Mahoney,* 78 Ia. 537, 43 N. W. 522.  When the officer charged with the duty of collecting the taxes took from the plaintiff the full amount of the same, with interest, and issued his official receipt, he acknowledged the settlement of the claim of the county against the land, and what was done thereafter in the legal proceedings was as much without authority as if full redemption had been made.  It was the fault of the officer, not of the plaintiff, that allowed the proceedings to continue, and the plaintiff should not suffer on account of the officer's lapse.  The confirmation was made by the court under a misapprehension of the facts, and is such a manifest wrong as equity will relieve against while the land is still in the hands of the original purchaser at the sale.  *Sayre v. Elyton Land Co.,* 73 Ala. 85.

If full payment had been made of the taxes, interest and costs, this would have constituted a full redemption of the property and the order of confirmation would have been made without authority of law.  23 Cyc. 1495.  We think, so far as the owner of the land is concerned, he is in the same situation as if he had made full payment. The order of confirmation was made without authority as against the plaintiff and he is entitled to bring this action in equity to set the same aside.

The county is not a party to this action and, hence, the equities cannot be fully adjusted as between the parties.  It may be said, however, that the county is not entitled to . a double payment of the taxes and the plaintiff may have recourse upon it by proper proceedings.  The defendant is not shown to have been at fault in any degree, while the plaintiff's troubles would not have occurred had he paid his taxes before they became delinquent.  As a

condition of the relief, therefore, the plaintiff should be required to pay into court for the benefit of the defendant the amount of the purchase money paid for the land, with interest at 7 per cent. from the date of payment, and also the costs of this action in the district court.

The former judgment of this court is vacated, and the judgment of the district court is reversed and the cause remanded, with directions to enter a decree quieting the title to the land in the plaintiff upon his complying with the foregoing conditions.

JUDGMENT ACCORDINGLY.