G. W. WOOD, APPELLANT, V. JAMES H. SPECK ET AL., APPELLEES.

FILED FEBRUARY 21, 1907. No. 14,425.

1. **Tax Sales: REDEMPTION.** Section 3, art. IX of the state constitution, providing for two years' time within which to redeem from tax sales, applies to judicial as well as to administrative sales. *Selby v. Pueppka*, 73 Neb. 179.

2. **Parties.** In an action to redeem from a judicial sale of real estate for taxes by a mortgagee from the purchaser, the mortgagor is not a necessary party.

3. **Mortgages: FORECLOSURE: TRIAL: ADMISSIONS.** In an action to foreclose a mortgage, an admission on the trial by defendant that plaintiff is the owner of the note and mortgage, though the admission is stated in the present tense, will be held to relate to the time of filing the petition, unless it appear that a different meaning was intended.

4. **Case Criticised.** *Weston v. Meyers*, 45 Neb. 95, criticised.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*R. R. Dickson,* for appellant.

*M. F. Harrington,* contra.

EPPERSON, C.

In 1899 Holt county instituted an action in the district court to foreclose an alleged tax lien upon the land here in controversy. The county claimed a lien for unpaid taxes assessed against the land for the years 1892 to 1897 inclusive, and alleged that there had been no prior administrative sale. The district court found the allegations of the petition true, and decreed a sale of the land

for the satisfaction of the taxes. Under the decree, the sheriff sold the land to the principal defendant herein, M. F. Harrington, for $312. This was sufficient to pay the amount of the decree, interest and costs, and left a surplus of $89.79, which upon confirmation was paid to one Covell, the owner of the fee title at the time that case was brought. Later, and within two years from the sheriff's sale, plaintiff herein instituted two actions. In one he seeks the foreclosure of a mortgage of which he was the assignee and which existed at the time the county instituted the foreclosure suit. In the other, plaintiff sought to enforce his right to redeem from the sheriff's sale. The two cases were consolidated in the district court, and from a judgment of dismissal plaintiff appeals to this court.

Plaintiff bases his action to redeem upon section 3, art. IX of the constitution, which provides that the right to redeem from all sales of real estate for the nonpayment of taxes shall exist for at least two years in favor of the owner or persons interested in such real estate. Plaintiff's mortgage was given to Pierce, Wright & Company, a nonresident firm, which was made a defendant in the case brought by the county, but made default therein. Service was had by publication. The assignment to plaintiff herein was not of record at that time.

Defendant contends that the order of the court confirming the sale was final, though erroneous, and that plaintiff's remedy was an appeal from the order of confirmation. It is unnecessary to enter into a full discussion of this issue. The section of the constitution above cited is self-executing. *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109; *Selby v. Pueppka,* 73 Neb. 179; *Logan County v. Carnahan,* 66 Neb. 685. In *Selby v. Pueppka, supra,* it was held: "Section 3, art. IX of the state constitution, providing for two years' time within which to redeem from tax sales, applies to judicial as well as to administrative sales." In the opinion, HASTINGS, C., further says: "The confirmation applied

only to the regularity of the proceeding. It held the sale valid and regular, but in no way adjudicated the right of redemption from it. The latter existed by virtue of a self-executing constitutional provision independent of the court. The court's action must be held to have all been taken with this right in view." Defendant attempts to apply a different rule to the case at bar, claiming that there was in fact an administrative sale of the land in controversy more than two years prior to the commencement of this action. There was introduced in evidence a certificate of tax sale to the county for the year 1895. But this is of no value, and, under the pleadings, incompetent evidence. The county claimed no rights under this certificate, and abandoned all rights thereunder, denied its existence, and brought about a judicial sale from which alone the plaintiff herein seeks to redeem.

The alleged administrative sale is no bar to this action. Covell was not made a party to this suit. He owned the equity of redemption when the county foreclosed. Defendant contends that, as he was not brought into court, the action must be dismissed. He was a proper, but not a necessary party. It is true that within two years from the sale Covell had a right to redeem, which was equal to plaintiff's rights. But, upon the judicial sale, the legal title vested in the purchaser subject to the constitutional right to redeem of Covell and the plaintiff herein. This action is brought to determine the rights of the plaintiff as against the defendants. As Covell remained silent, and the two years for redemption has expired, the defendants herein have succeeded to all of his interests and, of course, may yet redeem from the plaintiff's mortgage.

Defendant argues that the evidence fails to show that plaintiff's mortgage belonged to plaintiff when the suit was instituted. We find in the record an admission made during the trial that the plaintiff is the owner of the note and mortgage. No evidence was given that plaintiff was the owner thereof when the suit was brought, nor at any time before the expiration of the two years' limitation.

It appears that the admission of plaintiff's ownership was made to relieve plaintiff from proving title as alleged in his petition. The record does not indicate a different intention on the part of defendants, and, unless the admission by defendants of plaintiff's title to the note and mortgage sued on indicates a different intention, it should be construed to relate back to the filing of the petition, even though the admission is in the present tense.

Plaintiff contends that, under the provisions of section 10611, Ann. St., he is required to pay only the amount of the decree, interest and costs. This section is not applicable to judicial sales for taxes, but is a part of the revenue system of the state. It applies to administrative sales only. No statutory provision for such redemption exists, and the right thereto is found only in the section of the constitution cited. To avail himself of this right, it was incumbent upon the plaintiff to render full equity to the defendants. The maxim, "He who seeks equity must do equity," is applicable to the plaintiff herein.

The plaintiff alleges in his petition that the extent of his liability is the amount of interest, taxes and costs of the foreclosure proceeding. This sum was not tendered to the defendants, nor paid into court for their benefit. During the trial, however, plaintiff offered to pay into court the sum of $347.50, the amount of the original decree, costs and interest. This was $77 less than enough to reimburse the purchaser the amount of his bid, computing interest at 7 per cent. per annum. Equity demands that one redeeming from a judicial sale shall pay the full amount necessary to reimburse the party from whom he is redeeming. In *Loney v. Courtnay*, 24 Neb. 580, the court held the action to be an action to redeem from a judicial sale, and further said: "Ordinarily, where the action is between the mortgagor and mortgagee, the plaintiff must pay the amount of the decree, interest and costs. Where, however, * * * the action is between the mortgagor and the purchaser at the sale, the sum to be paid would be the purchase price, not exceed-

ing the amount of the decree, and interest thereon." The same reasoning would dictate that, where the action was instituted by an incumbrancer against the purchaser, as in the case at bar, the amount necessary to redeem would be the purchase price, with interest, though it exceeded the amount of the decree. Plaintiff, therefore, is not entitled to all the relief he seeks. In his petition he prays for specific relief, and also for "such other and further relief as may be just and equitable." Generally, under the rule of equity pleading, if a litigant is not entitled to the relief specifically asked for, he may, nevertheless, recover under the general prayer whatever the proof shows he is entitled to, if consistent with the allegations of his pleading. 16 Cyc. 487, and note. We find one decision of this court apparently holding contrary to the conclusion we have reached. In *Weston v. Meyers,* 45 Neb. 95, it was held: "He who asks equity must do equity; and as the appellant did not offer in his petition to pay the appellee whatever sum the court might find he had paid out for the purchase of the premises at the tax sale, nor for legal taxes subsequently paid on the premises, the petition did not state facts entitling the appellant to equitable relief." It does not appear in the opinion whether there was a general prayer for equitable relief. We must conclude that such was lacking. The rule there announced is not applicable to equity pleading containing a general prayer for such relief as the court may determine, on the case made, is equitable and just. The decree of the court below should have been for a dismissal of plaintiff's case, unless he, within a reasonable time fixed by the decree, pay into court the purchase price, with interest at 7 per cent. per annum to redeem from the sale, and, on such redemption, the plaintiff, by a further decree, should have been awarded a foreclosure of his mortgage.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings consistent herewith. As the plain-

tiff did not offer to do full equity, justice, we think, requires that he pay the costs of the district court.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for proceedings consistent with this opinion. It is further ordered that plaintiff pay the costs of the proceedings in the district court, and the costs of this cause are adjudged against the defendant.

REVERSED.