MARY BUTLER, APPELLANT, V. MANILLIOUS LIBE, APPELLEE.*

FILED MAY 21, 1908. No. 15,146.

1. **Pleading:** STRIKING AMENDED PETITION. Where the additional matter set up in an amended petition does not entitle the plaintiff to any further or different relief than he might have demanded under his original petition, the court cannot commit error in striking such amended petition from the files.

* Rehearing denied. See opinion, p. 744, *post.*

2. **Tax Sales: Redemption.** The right of redemption from sales of real estate for the nonpayment of taxes, given by the constitution, applies to judicial as well as to administrative sales. The confirmation of such judicial sales applies only to the regularity of the proceeding, and in no way adjudicates the right of redemption from such sale. It follows that redemption may be made upon the payment to the purchaser of the amount of his bid, with 12 per cent. interest thereon to the time of such redemption, together with the amount of subsequent taxes paid by defendant, with interest thereon at the rate borne by such subsequent taxes under the statute.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*W. R. Butler,* for appellant.

*A. F. Mullen* and *M. F. Harrington, contra.*

CALKINS, C.

In May, 1901, the taxes levied against the lands in controversy for the years 1892 to 1899, inclusive, being unpaid, and the said land not having been sold by the treasurer for such taxes, the county of Holt began an action against the then owners of the land to foreclose the lien of such taxes. A decree of foreclosure and sale was entered in said action July 3, 1901, and the premises afterwards sold by the sheriff to the defendant, September 2, 1901. This sale being confirmed, the sheriff executed a deed to the defendant September 7, 1901. No right of redemption was reserved in the decree or order of confirmation. The plaintiff having acquired the title to the land in question by a conveyance from the owner of the same, who was made defendant in the foreclosure proceedings, on the 29th day of July, 1903, began this action, in which the plaintiff sought to redeem from said sale. An amended petition was afterwards filed, wherein the plaintiff sought an accounting from the defendant, who was in possession of the land, for the rents, issues and profits thereof. After the trial the court struck the amended petition from the files, upon a showing that it

was filed out of time, and that the attorneys for the defendant had no notice thereof. Judgment was thereupon rendered dismissing the plaintiff's petition and quieting the title to the land in the defendant, and, from this judgment, the plaintiff appeals.

1. The first error complained of by the plaintiff is the striking of the amended petition from the files. The only difference between the amended petition and the original was that, in addition to the relief sought by the original petition, the amended petition demanded an accounting from the defendant of the rents and profits of the land while in his possession. We need not determine whether, in an action brought to redeem upon a sale for taxes, the plaintiff may in any case have an accounting of the rents and profits after the offer to redeem and during the pendency of the foreclosure proceedings. He certainly is not entitled to such relief where he does not make an unconditional offer to pay the taxes, interest, penalties and costs of the foreclosure proceedings. While a defendant who comes into possession under a foreclosure decree takes the property subject to the owner's right of redemption in all cases where such right exists, his holding is a lawful one until the person having the right of redemption shall have unconditionally tendered to him the amount which he is required to pay as a condition of exercising such right of redemption. No such unconditional offer is shown in this case. On the other hand, the plaintiff in his petition questions the right of the defendant to be repaid the costs of the action of foreclosure and sale had thereunder, and only offers to pay the same in case the court shall decree that the defendant is entitled thereto. As the additional matter set up in the amended petition did not entitle the plaintiff to any greater relief than he might demand under his original petition, the court could not have committed any error in striking it from the files.

2. The right of redemption from all sales of real estate for the nonpayment of taxes within two years after the

sale, given by section 3, art. IX of the constitution, has
been held to apply to judicial as well as administrative
sales. *Logan County v. Carnahan,* 66 Neb. 685. And in
*Selby v. Pueppka,* 73 Neb. 179, it is further held that the
confirmation of such judicial sale applies only to the
regularity of the proceeding. It decides the sale valid
and regular, but in no way adjudicates the right of re-
demption from it, and the court's action must be held
to have been taken with this right in view. Of course,
in this view that confirmation, like the other proceedings
in the sale, was had provisionally and subject to the right
of redemption, the costs of the sale, as well as the costs
of foreclosure, should be added to the taxes and interest
in making the redemption. These questions were again
before this court in *Wood v. Speck,* 78 Neb. 435, and the
doctrine laid down in *Selby v. Pueppka, supra,* was fully
adhered to. The purchaser is entitled to be repaid the
amount of his bid, with interest thereon from the date
of such judgment to the time of such redemption. In
this case it appears that certain taxes levied subsequently
to those included in the decree have been paid by the
purchaser. The amount of these taxes and interest thereon
must therefore be added to the amount which the plaintiff
would otherwise be required to pay in order to redeem.
The statute in force at the time of the adoption of the
constitution (laws 1875, p. 57), in reference to the re-
demption of real estate levied and sold under judgment
or decree, provided that an owner of such real estate
redeeming after sale and before confirmation should, in
cases where the property is purchased by any person not
a party plaintiff, pay said purchaser 12 per cent. interest
on the amount of the purchase price from the time of sale
to the date of redemption. The effect of the constitutional
provision above quoted was, as we have seen, to extend
the time in which redemption can be made in cases of
sales under decrees for the foreclosure of tax liens, but
is not inconsistent with the provision fixing the rate of
interest upon the amount of the bid.

It follows that the district court should have rendered a judgment permitting the plaintiff to redeem by paying the defendant the amount of his bid, with interest at 12 per cent. per annum to the date of the redemption, together with such amounts as the defendant may have paid for taxes levied subsequently to those included in the decree, with interest on such payments at the rate of interest borne by delinquent taxes under the statute, and, since the plaintiff did not offer to pay these amounts, such redemption should be upon the further condition that he pay all the costs of this action in the district court.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance therewith.

REVERSED.

The following opinion on motion for rehearing was filed September 16, 1908. *Rehearing denied:*

PER CURIAM.

Plaintiff in her application for a rehearing strenuously contends that she should be permitted to redeem by paying 7 per cent. instead of 12 per cent., as required by our judgment, and that we are committed to the former rate by *Logan County v. McKinley-Lanning L. & T. Co.*, 70 Neb. 399, 406; *Selby v. Pueppka*, 73 Neb. 179; *Wood v. Speck*, 78 Neb. 435, and *Squire v. McCarthy*, 77 Neb. 431. We find upon an examination of those cases that the question of the rate of interest was not discussed in any of them. It seems to have been assumed and taken for granted that the legal rate of interest provided for the witholding of money due governed in such cases. The

question having now been squarely raised in this case, we have, after an examination of the statute, concluded that, where land sold under a decree foreclosing a tax lien is purchased by any person other than the plaintiff in the case, the owner, in order to redeem, must pay the purchaser the amount of his bid, with 12 per cent. interest thereon. Wherever any contrary expressions have been made use of in our former decisions they should be treated as mere *obiter dicta*.

The motion for rehearing is therefore

OVERRULED.