MARY O. SMITH, APPELLANT, V. WILLIAM H. CARNAHAN
ET AL., APPELLEES.

FILED MARCH 5, 1909.   No. 15,475.

1. Tax Sales: REDEMPTION. Section 3, art. IX of our constitution, gives
to the owner or persons interested in real estate two years to
redeem from a sale made for delinquent taxes, and this right of
redemption applies to judicial sales for unpaid taxes, as well as
to administrative sales.

2. Taxation: JUDICIAL SALE: REDEMPTION. Where a county, before any
administrative sale of real estate for taxes due thereon, brings
an action to foreclose the tax lien and obtains a decree under
which the land is sold, the sale so made is a judicial sale, and
does not become final and complete until confirmation thereof by
the court. In such case the two years given the owner to re-
deem dates from final confirmation.

3. ———: ———: CONFIRMATION: REDEMPTION. Whether on confirma-
tion of a judicial sale for taxes, where no administrative sale has
been had, the court has jurisdiction in confirming the sale to
cut off the right of the owner to redeem, quære. Whether such
power and jurisdiction exist or not, an order of confirmation
which does not expressly deny to the owner the right of re-
demption will not be construed as denying that right.

4. ———: ———: REDEMPTION. On redeeming from such a judicial
sale, the owner should pay the full amount of taxes and costs
paid by the purchaser, and 12 per cent. interest thereon.

APPEAL from the district court for Logan county:
HANSON M. GRIMES, JUDGE. *Reversed with directions.*

*Hoagland & Hoagland,* for appellant.

*A. Muldoon,* contra.

DUFFIE, C.

In August, 1900, the county of Logan commenced an
action in the district court to foreclose a lien for taxes
assessed against the property in controversy herein. The
owner of the legal title and a mortgagee appeared in the
action and demurred to the petition, and, their demurrer
being overruled, a decree was entered in favor of the

county February 28, 1901. No appeal was taken from this decree, and in October, 1901, the land was sold to Mary O. Smith, the plaintiff herein, for $250. The defendants in the action filed objections to a confirmation of the sale, which the court overruled. The sale was confirmed and a deed ordered made to the purchaser. The defendants superseded the order of confirmation and appealed to this court, where the case was determined December 7, 1904. *County of Logan v. McKinley-Lanning L. & T. Co.*, 70 Neb. 406. We held that "an absolute order of confirmation of a sale, made in pursuance of a decree for the sale of land for the satisfaction of taxes over objections which deprives the decree debtor of the right of redemption from tax sale given by the statute or the constitution, is erroneous." The order of confirmation was reversed and the case remanded to the district court, with directions "to enter an order confirming the sale, subject to the appellant's right of redemption within the time allowed by law, and to direct the execution and issuance of a deed by the sheriff conveying to the purchaser the premises sold, in the event such redemption is not had within the time provided."

The mandate in the case was filed in the district court February 12, 1905, and on April 30, 1906, on motion of the plaintiff, the court entered an absolute order of confirmation and directed the sheriff to execute a deed to the premises. It is evident from the journal entry made that the district court was of opinion that the two years given by our constitution in which to redeem from a judicial sale made for taxes dated from the date on which the sale was made by the sheriff, and not from the date of confirmation ordered by the court. This clearly appears from the language of the order of confirmation, wherein it is recited: "Now on this date after 1 o'clock and 30 minutes P. M. this case came on to be heard on application of the plaintiff to confirm the sale heretofore made herein. No objections to said confirmation having been made, it is submitted to the court on the mandate of the supreme

court, heretofore issued in this case, and the return of the sheriff to the order of sale, and it appearing to the court that said sale was conducted in all respects as required by law, and that more than two years have elapsed since said sale was made herein, and since the former confirmation of said sale had in this action, and no redemption of said sale has been had by the defendants herein or either of them, and no effort having been made by said defendants to effect said redemption, it is therefore ordered and adjudged that said sale be and the same is in all things confirmed absolutely, and the sheriff is hereby ordered to execute a deed to the purchaser, M. O. Smith, for the following lands."

On the 28th of July, 1906, and within the six months allowed for taking an appeal from said order of confirmation, the plaintiff commenced this action, making the record owner of the land in dispute and numerous lienholders parties defendant, and asking that her title to said land be quieted and confirmed, and that the defendants, each and all, be forever estopped from asserting any right, interest or possession in or to said premises. Howell, the owner of the fee title, filed an answer and cross-bill. In the cross-bill it is alleged that the sheriff's deed issued to the plaintiff in conformity to the order of the court made on confirmation of the sale is absolutely void, because issued within the time allowed him for redemption, and that the order of confirmation was procured by fraudulent misrepresentation of law and facts made to the court, and without notice to the defendants of the pendency of the motion to confirm. It is charged that the plaintiff has collected the rents and profits accruing from said land for the years 1903 to 1906, both inclusive, and he prays that the right of redemption be allowed him, asking for an accounting between the parties, and that title to said land be quieted in him. The facts in the case were either agreed to or established by undisputed evidence and are as above set forth. Upon these facts the court entered a decree allowing the defendant Howell to redeem from the

tax sale upon paying the sum of $347.75 within 20 days of the entry of said decree. From this decree the plaintiff has appealed.

In the decree entered in this case the court, referring to the confirmation made April 30, 1906, recites: "And the court further finds that he was without power and authority under said order of the (supreme) court and the constitution and the revenue laws of the state to make the absolute confirmation barring right of redemption; that the defendant Howell has made his application herein to redeem from said tax sale within two years from the date of order of second confirmation, offering to pay all the taxes due and costs made in said foreclosure action, and he is entitled to have the prayer of his petition granted and be given leave to redeem." By section 3, art. IX of our constitution, a right of redemption is given from all sales of real estate for the non-payment of taxes for two years after the sale. This applies to judicial sale where there had been no prior administrative sale. *County of Logan v. McKinley-Lanning L. & T. Co.,* 70 Neb. 406. Defendants insist that under this constitutional provision they are given two years from the date of confirmation within which to redeem. It must, we think, be considered that in an action brought, as in this case, to foreclose a tax lien claim by the county, the sale had under the foreclosure decree is a judicial sale, and that it is completed only by confirmation.

In *Hatch v. Shold,* 62 Neb. 764, it was held: "The legal title of mortgaged real property remains in the mortgagor pending the confirmation of a sale thereof made under a decree of foreclosure of the real estate mortgaged." In the opinion it is said: "Until confirmation of sale, the mortgagor's equity of redemption is not cut off, and his legal title to the property gives him a valuable interest therein, and a right of action to protect that interest, subject only to the superior lien of the mortgagee for the amount due on the incumbrance." In *State Bank v. Green,* 8 Neb. 297, the court said: "In sales under a

decree, the court is the vendor and the sheriff or commissioner making the sale a mere instrument, * * * but no title passes by the sale until it is confirmed, and the same rule applies to sales upon execution." On a second hearing (10 Neb. 130) the court again in passing upon the question said: "Under our law governing sales of real property on execution the title of the purchaser depends entirely upon the sale being finally confirmed by the court under whose process it was made, and until this is done the rights of the execution debtor are not certainly divested." While not passing directly upon the question, a late decision of this court strongly favors the views that the sale we are considering is a judicial sale. In *Butler v. Libe,* 81 Neb. 740, affirmed on rehearing, 81 Neb. 744, we held that the purchaser under a decree foreclosing a tax lien was entitled to 12 per cent. interest on redemption from the sale. This holding was based on the view that the statute relating to the interest allowed purchasers at judicial sales governed in this class of cases. We have no hesitation in holding that the sale in question did not become final or complete until confirmation by the court.

It is true, as was substantially held in *Nebraska L. & T. Co. v. Hamer,* 40 Neb. 281, that an accepted bid becomes a binding obligation. This rule is not inconsistent with the conclusions we have reached. There is no completed sale until a report of the proceedings is approved by the court. It is equivalent to a contract which may be enforced against the bidder except under such circumstances as would justify the rescission or reformation of other contracts. On the other hand, it may be set aside for irregularities, and, when such are alleged, it is a matter to be considered and determined by the court. An accepted bid gives to the purchaser the right to demand confirmation and deed, but it is not until confirmation that his attempt to purchase is effective. That such was thought to be the law by this court is apparent from the very fact that more than two years had elapsed after the sale here in controversy, and before this court construed the rights

of the defendants to redeem in *County of Logan v. McKin-ley-Lanning L. & T. Co., supra.* It necessarily follows that the two years for redemption commences at confirmation, and not at the date of a successful bid.

This brings us to appellant's contention that the right of the defendants to redeem from the tax sale has been adjudicated by the order of confirmation entered in the district court of date April 30, 1907, said order being absolute in its terms and apparently intended to cut off any right of redemption. As we understand the appellant, he concedes that upon the issuance of the mandate by this court in the case above cited the defendants were entitled to have the order of confirmation made conditional, or, in other words, the district court should have entered such a confirmation as would expressly preserve to the defendants their constitutional right to redeem, and it is argued that the order actually entered set at rest that question which is now *res judicata,* the defendants having neglected to appeal therefrom. This leads us to a consideration of the order of confirmation above referred to, for the purpose of ascertaining whether or not it does in fact bar the defendants' right to redeem. It is quite apparent from the judgment appealed from and from the order of confirmation that the trial court by the last order of confirmation attempted to bar the defendants' constitutional right to redeem, but we are convinced that he failed in this purpose, and that his confirmatory order of April 30, 1907, was ineffectual to defeat the defendants' present effort in that regard. By reference to the opinion in *County of Logan v. McKinley-Lanning L. & T. Co., supra,* it appears that the objections were made to the confirmation when the matter was first brought to the attention of the court, in part, because two years for redemption had not expired since the sale. Evidently the defendants then considered that they had only two years from the time the purchaser's bid was accepted in which to redeem, and that this necessarily required that the confirmation be stayed until the expiration of two years. This court held

that the order of confirmation there appealed from, entered by the district court, was erroneous because it did not reserve to the defendants the right to redeem within two years.  Such adjudication became the law of the case, and we are not disposed to interfere with the rule there announced, in so far as the disposition of the matters now in issue are concerned.  That order of confirmation is not in the record in this case.  If it were, it might be that it would not appear effective for the purpose of barring the defendants' right to redeem.  However that may be, both the parties and the court assumed that it was sufficient for that purpose, and as such it was held erroneous. The reversal of the first order of confirmation placed the case in the same position it was in before the motion for confirmation and objections thereto were filed.

The plaintiff, when the case was remanded, without notice to defendants, filed a new motion for confirmation upon which the case proceeded without objection or appearance by the defendants; but, the mandate of this court having placed the case in the position in which it existed at the time the first motion for confirmation was filed, we must view the case as though no former motion to confirm had been filed, and no action taken thereon, except, of course, we must give effect to such rules as have become the law of the case.  The defendants' right to redeem was never questioned in the pleadings.  No issue was ever raised except in the motion for confirmation and objections thereto, which were abandoned by the parties upon the reversal of the judgment rendered thereon.  We can see no good reason for the defendants' appearance in the foreclosure case at any stage of the proceedings.  They had no defense to the foreclosure which we need to notice here. They had no legal or equitable objection to the confirmation of such sale as the court had jurisdiction to make, nor could they object to the issuance of a deed conveying to the purchaser such title as was foreclosed in the proceeding.  Such foreclosure proceeding, as will hereinafter

46

be more fully pointed out; must necessarily have been made with reference to the defendants' constitutional right to redeem. As was said in *County of Logan v. McKinley-Lanning L. & T. Co.*, 70 Neb. 406: "The right to redeem from sale which is given by the law is usually self-executing and, to enjoy the benefit of which, no proceedings, ordinarily, are required to be had in the courts to make such right effective. A statutory right to redeem fixes the terms upon which such redemption may be had, and the right thus given may be availed of without the formality of a decree, consequent upon an adjudication in court proceedings, and without other or different steps for the establishment of such right than those provided for by the statute itself."

If the order of April 30, 1907, was to be construed as a bar to the right of the defendants to redeem, its validity might well be questioned. In *Bigelow v. Forrest*, 9 Wall. (U. S.) 339, the trial court condemned the land of one Forrest, an officer in the confederate navy, and ordered the same sold under the act of congress of July 17, 1862, commonly called the "Confiscation Act." After the death of Forrest, his son and only heir at law brought an action to recover the land from the purchaser, who contended that, as the title of the elder Forrest was a fee simple title and the libel filed against the land by the government was "against *all the right, title, and interest, and estate of the said French Forrest, in and to the said tract of land,*" the decree of condemnation and the sale thereunder vested in the purchaser the fee title, and not an estate terminating with the life of the elder Forrest, as claimed by the plaintiff. While the decree condemned "the real property mentioned and described in the libel" and directed a sale of the same, the supreme court construed the decree to authorize the sale of a life estate only, that being the only interest which the act empowered the court to sell. In the opinion it is said: "But, under the act of congress, the district court had no power to order a sale which should confer upon the purchaser rights outlasting the life

of French Forrest.   Had it done so it would have trans-
cended its jurisdiction."

Under our constitution no sale for taxes, judicial or
administrative, can be made which vests in the purchaser
an unconditional absolute title.   The sale must in all
cases be made subject to the owner's right to redeem within
two years from the completed sale, and no court or officer
has power to sell and convey a higher title.   This right
was of value.   The author knows of no law which will
authorize a court to deprive a citizen of valuable property
rights in his absence, and without notice to him.   But
such order cannot be given this force.   It is true that the
order of confirmation was entered without objection and
is absolute upon its face.   No objection to the confirma-
tion was necessary to preserve to the defendants the rights
given them by the constitution to redeem.   It was the com-
pleted sale from which the owner had a right to redeem.
It is true, he had the right to redeem before, but, as hereto-
fore pointed out, confirmation did not necessarily exhaust
such right.   The court found that the sale was conducted
in all respects as required by law.   That being true, the
purchaser was entitled to confirmation.   The court did
not need to inquire further than to ascertain whether or
not the proceedings were regular.   It mattered not that
more than two years had elapsed since the sale and since
the confirmation which had been vacated.   Nor did it
matter that no redemption from the sale had been made
by defendants, and no motion had been made to effect said
redemption.   Defendants were not required to thus exert
themselves at that time.   The confirmation of the sale was
a right existing in the incumbrancer that he might receive
the amount due him upon the lien foreclosed, and it was
also due to the purchaser that he might receive his deed,
and, moreover, have a time definitely fixed during which
redemption must be made.   We do not consider that the
word "absolute" in the order of confirmation in any way
interfered with the constitutional right of the defendants
to redeem.   Most all judicial sales are confirmed abso-

lutely, and yet the purchaser thereof takes only such title as the court had the power to confer. It is apparent from the findings upon which the order of confirmation was based that the court had in mind to bar the defendants from their constitutional right of redemption; but, as we view it, the order entered was not effective for this purpose, and although it did not expressly reserve to the defendants the right which this court adjudged they were entitled to, and which it directed the court to recognize in its order of confirmation, yet the order which was actually entered did not deprive them of this right. The defendants had the right to redeem for two years from and after any confirmation which might have been entered in pursuance to the order of this court, or by any order of confirmation which the lower court made in an attempt to follow the orders and directions of this court, or, for that matter, any confirmation which may have been made unless it expressly denied to the owner his constitutional and statutory right to redeem.

*Selby v. Pueppka,* 73 Neb. 179, was an appeal from an order of confirmation in a case very similar to this. There, as here, it was urged that to permit a redemption after an order of confirmation had been entered was to allow a collateral attack upon the decree of confirmation. In that case it is said: "The confirmation applied only to the regularity of the proceeding. It held the sale valid and regular, but in no way adjudicated the right of redemption from it. The latter existed by virtue of a self-executing constitutional provision independent of the court. The court's action must be held to have been taken with this right in view. Of course, in this view, that confirmation, like the other proceedings in this sale, was had provisionally and subject to the right of redemption." We take it that the phrase, "that confirmation * * * was had provisionally and subject to the right of redemption," was an implied, and not an express, condition in the order of confirmation, and that it exists by virtue of the constitutional provision, which applies to all sales made of

this character. The above language was quoted with approval by this court in *Wood v. Speck,* 78 Neb. 435, and *Butler v. Libe,* 81 Neb. 740. ' *Wood v. Speck,* also, was a case wherein the plaintiff was permitted to redeem within two years from the time of the judicial sale which was confirmed by an order of the court on its face unconditionally and without reservation. An adjudication which does not expressly deprive a party of his right of redemption, and which gives to his adversary no title inconsistent with his right to redeem, should not for any technical reason be held to have barred such right.

Plaintiff is rightfully in possession, and continues so until redemption is legally effected, and therefore, is not required to account for rents and profits. The trial court allowed but 7 per cent. interest on the amount bid and paid by plaintiff at the sheriff's sale. Under the rule announced in *Butler v. Libe, supra,* it should have been 12 per cent.

We therefore recommend that the judgment of the district court be affirmed so far as it dismisses plaintiff's petition and permits the defendants to redeem, but that it be reversed and remanded, with instructions to the lower court to enter judgment permitting the defendants to redeem only upon the payment of the full amount of the bid, with interest at 12 per cent. per annum.

EPPERSON, GOOD, and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is modified so as to allow redemption on the payment of the full amount bid at the sale, with 12 per cent. interest thereon from date of sale, and the cause is remanded, with directions to the district court to carry this judgment into effect.

JUDGMENT ACCORDINGLY.