GEORGE E. BARKER, APPELLEE, v. ELLERY R. HUME, APPELLANT.

FILED APRIL 24, 1909. No. 15,665.

1. **Tax Sale: VALIDITY.** A county treasurer cannot make a valid public or private sale of real estate for the nonpayment of delinquent taxes due thereon, unless in such sale are included all taxes, with interest and costs, then delinquent against such real estate. *Adams v. Osgood*, 42 Neb. 450.

2. ——: EFFECT. A sale of real estate for delinquent taxes for less than the amount of taxes, interest and costs due thereon is not a sale of the land. It is only a sale of the taxes, and its only effect is to transfer the lien of the county to the purchaser, who may enforce his lien by proper foreclosure proceedings.

3. **Taxation: VOID SALE: FORECLOSURE OF LIEN: REDEMPTION.** Where the purchaser at a void administrative sale of real estate for taxes brings an action to foreclose the tax lien and obtains a decree under which the land is sold, the sale so made is a judicial sale, and does not become final and complete until confirmation thereof by the court. In such a case the two years given the owner to redeem dates from such confirmation, and an action to redeem may be brought at any time within said period.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*W. W. Slabaugh* and *H. P. Leavitt,* for appellant.

*B. N. Robertson, contra.*

BARNES, J.

The plaintiff brought this action in the district court for Douglas county to set aside a decree foreclosing a tax lien upon the east 100 feet of the north half of lot 6, block 5, Orchard Hill addition to the city of Omaha, and to redeem the premises from tax sale. He tendered payment of all taxes, interest and penalties due thereon, and prayed for a decree quieting his title thereto as against a sheriff's deed based on said decree. The plaintiff had judgment, and defendant has brought the case here by appeal.

The defendant has urged several grounds for a reversal of the judgment, some of which may be entitled to consideration, but as the case must be tried *de novo*, and we must decide it upon our own conclusions of fact and law, if the plaintiff has shown any substantial ground to support the judgment of the trial court, it must be affirmed. We find that it is stipulated by the parties, and the record shows the fact to be, that the land in question was not sold for all the taxes due thereon at the time the defendant purchased it at the treasurer's administrative sale. It was provided by the revenue law in force at that time that the treasurer should sell each tract of land on which the taxes are delinquent to the person who offers to pay all of the taxes due thereon. The command of this statute is imperative, and a sale for a less amount is a void sale. *Adams v. Osgood,* 42 Neb. 450; *State v. Helmer,* 10 Neb. 25; *Tillotson v. Small,* 13 Neb. 202; *O'Donohue v. Hendrix,* 13 Neb. 257. Such a sale is not a sale of the land at all, and its only effect is to transfer the tax lien of the county to the purchaser. It is a sale of the taxes, and not a sale of the land on which they are a lien. The purchaser at such a sale obtains the rights theretofore possessed by the county, and no more. He is not entitled to demand and receive a tax deed to the premises upon the surrender of his certificate of sale, but he may enforce his lien by proper foreclosure proceedings. *Stegeman v. Faulkner,* 42 Neb.

53; *Adams v. Osgood,* 42 Neb. 450; *Medland v. Connell,* 57 Neb. 10; *Grant v. Bartholomew,* 57 Neb. 673.

Recognizing that rule, the defendant instituted his foreclosure suit, and obtained the decree of which the plaintiff complains. The land was sold to him under that decree, the sale was confirmed on the 25th day of September, 1905, and a sheriff's deed was executed and delivered to him under which he now claims title to the land in question. The rule is well settled by this court that, where there has been no valid administrative tax sale, the owner has two years from and after the confirmation of the judicial sale in the action to foreclose the tax lien in which to redeem his land from such sale. *Logan County v. Carnahan,* 66 Neb. 685; *County of Logan v. McKinley-Lanning L. & T. Co.,* 70 Neb. 406; *Douglas v. Hayes County,* 82 Neb. 577; *Wood v. Speck,* 78 Neb. 435; *Butler v. Libe,* 81 Neb. 740; *Smith v. Carnahan,* 83 Neb. 667. It appears that this action was commenced on the 20th day of November, 1906, a date well within the redemption period, and it follows that the decree of the trial court was the only one which could have lawfully been rendered in this action.

As to the matter of the computation of the amount due the defendant in order to redeem, we find no error therein, and the judgment of the district court is

AFFIRMED.