MARK M. HARDWICK, APPELLANT, V. HATTIE V. SNEDEKER
ET AL., APPELLEES.

FILED FEBRUARY 15, 1911. No. 16,198.

1. **Taxation:** REDEMPTION FROM TAX SALE. An action to foreclose a tax lien is not properly brought until after a sale of the land for taxes and two years allowed for redemption, but this is not jurisdictional, and if an action so brought proceeds to decree of foreclosure and sale, and a deed is duly issued upon confirmation of such sale, the owner of the land may redeem the same within two years after such sale and confirmation, but not later.

2. ————: ————. In such case, the statute which requires notice before taking a tax deed has no application.

APPEAL from the district court for Dundy county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Shepherd & Ripley,* for appellant.

*Boyle & Eldred, contra.*

SEDGWICK, J.

The county of Dundy began an action in the district court for that county in January, 1901, against one Louis Sarault, who was then a nonresident of the state, to foreclose its lien for taxes assessed against certain lands of Sarault in that county for the year 1899, and several prior years. A decree of foreclosure was entered and the land sold thereunder. The sale was duly confirmed and deed issued to the purchaser. More than two years after the sale and confirmation Sarault conveyed the land to this plaintiff by quitclaim deed. The plaintiff then tendered the amount of the taxes, interest and costs, and, the tender being refused, he brought this action to redeem. The defendant Hattie V. Snedeker derives her title through the said foreclosure deed. The district court found for the defendant, and entered a decree quieting her title, and plaintiff has appealed.

The constitution provides that in all foreclosures for taxes the owner of the land shall have two years in which to redeem. In *Logan County v. Carnahan,* 66 Neb. 685, 693, it was held that the collection of a land tax by judicial sale without an antecedent sale by the county treasurer is contrary to the provisions of the statute, and upon rehearing it was said by the court that "there exists no authority under the law for a county to institute and maintain a suit for a foreclosure of a tax lien on real estate, except the action be based on an antecedent administrative sale by the county treasurer, the issuance of a tax sale certificate therefor, and the expiration of two years thereafter, during which time the owner of the land may redeem from such administrative sale by paying the principal, interest and costs as provided by statute." But it was also said in that opinion that "this goes only to the regularity of the proceedings by which the authority is exercised, and not to the power itself. * * * A decree rendered which determines the right of the county to maintain such an action, and directs a sale of the property, would not be subject to collateral attack."

In *Logan County v. McKinley-Lanning L. & T. Co.,* 70 Neb. 399, it was held that "where the district court has jurisdiction of the subject of the action and of the parties in a foreclosure proceeding, questions which affect the regularity of the decree are concluded thereby." It was held in *Russell v. McCarthy,* 70 Neb. 514, that a decree of foreclosure rendered in an action in which there had been no administrative sale was erroneous, but not void, and, unless appealed from, divested the owner's title. And in *Clifford v. Thun,* 74 Neb. 831, it was held that "one seeking to redeem from a foreclosure sale based on a tax lien must bring his action therefor within two years from the date of the tax sale." This last holding has been adhered to in subsequent cases, and it is now the settled law of the state that, although an action brought within two years after the taxes upon real estate have become delinquent is prematurely brought, yet a decree of foreclosure

rendered therein is not void, though erroneous, and that the owner of the land may maintain an action to redeem therefrom if brought within two years from the sale and confirmation, but not afterwards. The statute which requires notice before taking a tax deed has no application in such case.

It follows that the decree of the district court in this case is correct, and it is

AFFIRMED.