TERESA LOU CONNELY, APPELLEE, V. ROSA HESSELBERTH ET
AL., APPELLEES: HENRY TEINERT ET AL., APPELLANTS.

273 N. W. 821

FILED JUNE 11, 1937. No. 30045.

*Kirkpatrick, Good & Dougherty,* for appellants.

*Calvin Webster* and *Coufal & Shaw, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and
CARTER, JJ.; and RINE, District Judge.

GOOD, J.

Henry and Harry Teinert, as tenants and occupants of
the east half of the southwest quarter of section 4, town-
ship 9 north, range 2 west, in York county, seek to redeem
that land from a judicial sale made pursuant to a decree of
court, foreclosing a tax sale certificate. Their application
was filed in the foreclosure action, and that accounts for
the title to this appeal. Persons acquiring interest in the

land subsequent to the foreclosure sale were made parties. The application was resisted by the purchaser and her grantee. The trial court denied the applicants the right to redeem, and they have appealed.

The record discloses the following facts: The record title to the land in question has stood in the name of Charles A. Hesselberth for many years. Hesselberth departed this life leaving surviving his widow, Rosa Hesselberth, and a son, Charles O. Hesselberth. His estate has not been probated in York county. The record does not disclose whether he died testate or intestate. Apparently, Rosa Hesselberth and Charles O. Hesselberth for a number of years have rented the land to the Teinerts. The taxes for the years 1928, 1929 and 1930 became delinquent. July 5, 1932, the county treasurer of York county sold the land for the delinquent taxes to N. C. Caldwell. Caldwell paid the subsequent taxes on the land, and January 19, 1935, sold and assigned the tax sale certificate to Teresa Lou Connely, plaintiff in the foreclosure action. August 9, 1935, more than three years subsequent to the tax sale by the county treasurer, Connely commenced an action in the district court for York county to foreclose the tax sale certificate and the lien of the subsequent taxes that had been paid by her and her assignor. In this foreclosure action she made defendants Rosa Hesselberth, Charles O. Hesselberth, ——————— Hesselberth (real name unknown), wife of Charles O. Hesselberth; all persons having or claiming any interest in or to the real estate described (real names unknown) ; the unknown heirs, devisees, legatees, personal representatives, and all persons interested in the estate of Charles A. Hesselberth, deceased (real names unknown). In the affidavit to obtain service by publication, it was stated that Rosa Hesselberth was a resident of the state of Illinois, and that the residence of Charles O. Hesselberth and of the other named defendants was unknown. Order for service by publication was made by the judge of the district court. Notice of the pendency of the action was duly published. Decree of foreclosure was entered, and,

pursuant to the decree, a sale was had in which the plaintiff Connely was purchaser. The sale was confirmed December 4, 1935, and deed issued the following day. The application to redeem was not made until April, 1936, and during the second term of court after the confirmation of sale.

Appellants invoke section 3, art. VIII of the Constitution, which provides: "The right of redemption from all sales of real estate for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. Provided, that occupants shall, in all cases, be served with personal notice before the time of redemption expires."

The notice to occupant, provided for in this section of the Constitution, was never served upon the appellants, and they were not made parties to the foreclosure action. They contend that, under the constitutional provision, they are entitled to two years from and after the order of confirmation of the judicial sale in which to redeem. They cite and rely upon a number of decisions made by this court in which it was held that the two-year period for redemption, contained in the constitutional provision, applies to judicial as well as to administrative sales. Among the cases so holding are: *Logan County v. Carnahan*, 66 Neb. 685, 92 N. W. 984; *Selby v. Pueppka*, 73 Neb. 179, 102 N. W. 263; *Wood v. Speck*, 78 Neb. 435, 110 N. W. 1001; *Butler v. Libe*, 81 Neb. 740, 116 N. W. 663; *Smith v. Carnahan*, 83 Neb. 667, 120 N. W. 212; *Barker v. Hume*, 84 Neb. 235, 120 N. W. 1131; *Commercial Savings & Loan Ass'n v. Pyramid Realty Co.*, 121 Neb. 493, 237 N. W. 575. In none of the above cases had there been a prior valid administrative sale and a two-year period allowed to elapse after sale before commencement of the action to foreclose.

Under the scavenger tax law, counties, cities, villages and other municipalities may institute foreclosure action to collect delinquent taxes without there having been a previous administrative sale. In such cases, this court has

consistently held that the two-year redemption period, provided by the Constitution, applies from the date of confirmation of judicial sale. In such cases, there had been no other sale. This court has also held that where there was an invalid administrative sale, wherein the sale was not for all the delinquent taxes, the two-year redemption period applied to the judicial sale in foreclosure proceeding. *Adams v. Osgood,* 42 Neb. 450, 60 N. W. 869; *Barker v. Hume, supra.*

In *Hardwick v. Snedeker,* 88 Neb. 515, 129 N. W. 986, after administrative sale an action was brought for foreclosure without waiting the two-year period for redemption. It was therein held: "An action to foreclose a tax lien is not properly brought until after a sale of the land for taxes and two years allowed for redemption, but this is not jurisdictional, and if an action so brought proceeds to decree of foreclosure and sale, and a deed is duly issued upon confirmation of such sale, the owner of the land may redeem the same within two years after such sale and confirmation, but not later."

Where there has been a valid administrative sale by the county treasurer to a private individual and he has not brought foreclosure action until more than two years after the issuance of the tax sale certificate, the owner, or other person interested, is not entitled to two years in which to redeem from the confirmation of sale under decree of foreclosure. He is entitled to only one two-year period, and that has been given from the time of the administrative sale and before the commencement of the foreclosure action. It is true, however, that in such case he is entitled to an additional period in which to redeem; that is, at any time prior to the confirmation of the sale. The correct rule is that owners and others interested in realty, sold under decree foreclosing valid tax sale certificate, where foreclosure was commenced more than two years subsequent to issuance of tax sale certificate, are barred from the right of redemption on confirmation of such judicial sale.

Appellants contend that they had a right to redeem

which could be cut off only by the giving of the notice mentioned in the quoted constitutional provision. In our opinion, this contention cannot be sustained for a number of reasons:

First. This court has held on several occasions that such notice to occupant was required only where the holder of a valid tax sale certificate sought to obtain a county treasurer's tax deed, as provided by section 77-2025, Comp. St. 1929, and has no application to a proceeding to foreclose a valid tax sale certificate. In *Hardwick v. Snedeker, supra,* it was held that a statute requiring notice to occupant is not applicable in case of sale under decree of foreclosure. In *Commercial Savings & Loan Ass'n v. Pyramid Realty Co., supra,* it was held: "Personal notice required in sale of land for taxes, as provided in section 3, art. VIII of the Constitution, applies in all cases where a tax deed is sought, but is not required in sales under tax foreclosures in section 77-2039, Comp. St. 1929."

Second. The record in this case fails to show that appellants had any interest as tenants to protect by a redemption from the sale in the foreclosure action. Whether their lease had expired; whether they had any planted or unharvested crops, is not disclosed. Before they could redeem they must, of course, have some interest to protect.

Third. It appears from the evidence in this case that one of the appellants, on behalf of both of them, has, since the foreclosure sale had in this case, leased the land again from the purchaser at the judicial sale. Under these circumstances, the appellants had no right to preserve by a redemption.

It is insisted, however, that appellants were acting for and on behalf of the owners of the land, as well as for themselves. They did so testify as witnesses, but the written application made by them does not disclose that they were acting for any one other than themselves and in their own individual rights.

It is argued that there were irregularities and defects in the foreclosure proceeding, in that the affidavit which was

made for the purpose of obtaining an order authorizing service by publication did not literally comply with the statute, and, further, that the published notice did not literally comply with the statutory requirement. We are of the opinion that whatever irregularities or defects, if any, there were in the affidavit and in the notice cannot be raised at this time, because that would be a collateral attack upon the decree in the foreclosure proceeding. No appeal was taken from that decree, and any irregularities or defects that do not go to the jurisdiction of the court could not be raised in a collateral proceeding. But, regardless of that, the appellants in this case are in no position to complain, since they were not necessary parties to the foreclosure proceeding and, as already mentioned, have no property rights to protect by a redemption.

Error prejudicial to appellants has not been pointed out. The judgment appears to be right and is

AFFIRMED.