WHITIES v. FARSONS.

| 73 | 137 |
|----|-----|
| 81 | 457 |
| 73 | 137 |
| 96 | 178 |

1. **Tax Sale and Deed**: NOTICE TO REDEEM: PERSON IN POSSESSION: LANDLORD AND TENANT. Land sold for taxes was taxed to R. when notice to redeem was given to him, which was in November. The land had been leased on the shares by plaintiff to R., and R. had surrendered possession to plaintiff, according to the terms of his lease, in September before the notice was served. A portion of plaintiff's share of the corn was left on the land, either standing or in cribs; and, if anything belonging to R. was left on the land, it was with plaintiff's consent. No notice to redeem was served on plaintiff. *Held* that plaintiff was in the actual possession of the land when the notice was given, though he did not live on it, and had no one there to represent him, and that a tax deed, without notice to him, did not cut off his right to redeem.

2. ———: ACTION TO REDEEM: PLEADING DEFECTIVE NOTICE. In an action to redeem from a tax deed, plaintiff relied on the fact that he was in possession of the land, and that notice to redeem was not served on him, but he failed to so allege in his petition. He did, however, so allege in his answer to defendant's cross-petition. *Held* that this was sufficient to entitle him to offer proof in support of these averments.

*Appeal from Benton Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION in chancery to redeem from the sale of lands for taxes, and to set aside a tax deed. Upon a trial on the merits, a decree was entered granting the relief prayed for by plaintiff. Defendant appeals.

*Henry Rickel,* for appellant.

*Gilchrist & Haines,* for appellee.

BECK, J.—I. The plaintiff alleges in his petition that he is the owner of the land involved in this action; that the tax deed was issued without notice of the expiration of the time of redemption as required by law; and that there was a fraudulent concealment from plaintiff of the attempt to procure the execution of the deed by the treasurer, and fraudulent acts to prevent notice of the expiration of the time of redemption from reaching him. The plaintiff tenders the amount of money necessary to redeem from the tax sale. The defendant, in an answer and cross-petition, denies the allegations of plaintiff's petition, and alleges that he is the owner of the land, and asks that his title be quieted. The plaintiff, in answer to the cross-petition, repeats, substantially, the allegations of the petition, and avers that he was the owner of the land, and in possession thereof, when the notice of the expiration of redemption was served upon another in whose name the land was taxed.

*1. TAX SALE and deed: notice to redeem : person in possession: landlord and tenant.*

II. There are no disputed questions of law in the case. The material questions of fact are these: (1) Was the person upon whom the notice of the expiration of redemption was served in possession of the land at the time of the service thereof? A service of notice upon such person is necessary to cut off the right of redemption. (Code, § 894.) (2) Was there a fraudulent concealment and fraudulent acts to prevent plaintiff's obtaining notice of the expiration of the time of redemption?

The service of notice was made upon one Rouse. The land was taxed in his name. Defendant claims that Rouse was in possession of the land; plaintiff insists that he held the possession himself. We think the proof shows that plaintiff was in possession. Plaintiff rented the land to Rouse, who moved off of it in September, surrendering possession to plaintiff, according to the terms of his lease. He left some grain and standing corn on the land. The grain was removed before the notice was served, in November. It is not clear that any part of the corn was standing then. The grain and corn were raised on shares, and plaintiff's part of the corn, or a portion of it, was left on the land, either standing or in the cribs. The evidence shows that whatever was left on the land by Rouse was with plaintiff's permission. Surely, when Rouse left the land according to the terms of his lease, surrendering it to his landlord, he was no longer in possession. Plaintiff was in actual possession, and to hold such possession it was not necessary for him to live on the land, or to have some one representing him to stay upon it. The owner of cultivated land who leases it, reserving a part of the crop as rent, is in actual possession when it is surrendered to him, even though he does not remain on the land.

Inquiry directed by the facts just stated would not have failed to disclose that plaintiff was in possession of the land at the time the notice of the expiration of the time of redemption was served. We conclude that the notice should have been served upon him, and therefore he is entitled to redeem from the tax sales.

III. Counsel for defendant insist that as plaintiff's petition does not aver that he was in possession, he fails to establish his right to redeem. *Grove v. Benedict,* 69 Iowa, 346. But his answer to the cross-petition avers this fact, and upon this pleading he could offer proof to support it. The other questions of fact need not be determined, for the reason that plaintiff is entitled to redeem on the ground just stated. The decree of the circuit court is AFFIRMED.