(96 App. Div. 148.)

PEOPLE ex rel. TURNER v. KELSEY, State Comptroller.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. TAX SALES—REDEMPTION—NOTICE—FOREST COMMISSION—OCCUPANCY OF LANDS.

> Laws 1885, p. 482, c. 283, § 9, declaring that the forest commission shall have the "care, control, and superintendence" of the forest preserve, and Laws 1900, p. 62, c. 20, § 220, subd. 1, declaring that it shall have the "care, control, and supervision" thereof, do not place the commission in the actual occupancy of the wild and vacant lands within the preserve, so as to require notice to the commission in order to limit the time to redeem lands sold for taxes.

Certiorari, on the relation of Ernest A. Turner, directed to Otto Kelsey, State Comptroller, commanding him to certify and return to the office of the clerk of the county of Albany his proceedings in the matter of redeeming certain lands sold by the comptroller for unpaid taxes. Determination of comptroller reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Griffin & Ostrander, for relator.

John Cunneen, Atty. Gen., and William H. Wood, Dep. Atty. Gen., for defendant.

HOUGHTON, J. The only question involved on this appeal is whether the various statutes creating and defining the duties and rights of the forest commission have placed it in such actual occupancy of wild and vacant lands owned by the state within the forest preserve that notice must be given it in order to limit the time to redeem lands sold for unpaid taxes. At the state tax sale of December, 1900, the relator purchased a tract of wild and unoccupied land within the boundaries of the forest preserve, paid the purchase price, and received a certificate of sale therefor. At the time of such sale, title to a large tract of land, within which was the tract bid for by relator, was in dispute between the state and individuals. That controversy was adjusted by the execution and delivery, on March 14, 1901, of a quitclaim deed from such individuals to the people, specifically stating that such deed was subject to all taxes upon the lands and tax sales thereof. The lands embraced in that deed included those in dispute, and under the provisions of section 127 of the tax law (Laws 1896, p. 838, c. 908), the forest commission, in behalf of the state, had an undisputed right within the one year succeeding the sale to redeem said lands therefrom, and from the record before us it appears to have been the intention at the time of the adjustment of the controversy and the taking of the deed so to do. By some oversight this redemption was not made, and thereupon the relator demanded his deed from the comptroller, which, upon one pretext or another, was withheld. In October, 1903, the forest commissioner made application to the comptroller to be allowed to redeem, in behalf of the people, on the ground that the forest commission had been in actual occupancy of the lands from March 14, 1901, claiming that because no notice had been served upon it the time for redemption

had been extended for the two years provided by section 137 of the tax law. It is stated that the state had some claim to the lands by virtue of prior tax sales, but whatever title it has appears to be by virtue of the deed of March 14, 1901. The comptroller, against the relator's protest, permitted the redemption.

We think there was no such actual occupancy by the forest commission as required notice, and that the time to redeem was not extended because of failure to give it. This court has recently held in People ex rel. Keyes v. Miller, 90 App. Div. 596, 86 N. Y. Supp. 189, that the cutting of trails through forest lands and the building of boat landings was not actual occupancy within the meaning of the tax law. And a long line of decisions have declared an occupant under the tax law to be one who has made actual and substantial improvements, and has been in actual possession as distinguished from legal possession. Comstock v. Beardsley, 15 Wend. 348; Smith v. Sanger, 4 N. Y. 577; Hand v. Ballou, 12 N. Y. 542; People ex rel. Marsh v. Campbell, 143 N. Y. 335, 38 N. E. 300; People ex rel. Chase v. Wemple, 144 N. Y. 478, 39 N. E. 397.

In view of the numerous and uniform decisions, and the plain meaning of the term "occupant," we think it would be doing violence to the language of the statutes to say that the forest commission was placed by them in the actual occupancy of the wild and unoccupied lands in dispute. The language of section 9, c. 283, p. 482, of the Laws of 1885, is "The forest commission shall have the care, custody, control and superintendence of the forest preserve." This statute seems to be still in force, although it is largely superseded by article 13, c. 20, p. 61, Laws 1900, known as the "Forest, Fish, and Game Law." The language of subdivision 1, § 220, of that act, is that the commission "shall have the care, control and supervision of the forest preserve." In People v. Turner, 145 N. Y. 451, 40 N. E. 400, and People ex rel. Forest Commission v. Campbell, 152 N. Y. 51, 46 N. E. 176, the Court of Appeals passed upon the former statute with respect to the questions arising in those cases, and it is claimed that the language used indicates that, in the opinion of that court, the forest commission, by force of the statute, was placed in actual occupancy of the lands owned by the state within the forest preserve, within the meaning of the tax law. We think those cases cannot be so construed. The action of People v. Turner was one in replevin for timber cut upon lands of which the state had a valid title. Such an action could be brought by any owner having constructive possession. It is true that, in commenting upon the character of title of the state, the court says that, by reason of the statute placing the lands in the control and supervision of the forest commission, the constructive possession of the state was made an actual possession. But this is far from holding that the forest commission had thus become an actual occupant of the land. Even in that case it was held that the cutting of grass on a natural meadow on said lands, and the sowing of grass seed on two occasions, and the damming of a stream, did not make the one so doing an actual occupant, entitled to written notice to redeem. People ex rel. Forest Commission v. Campbell

89 N.Y.S.—27

was a certiorari to review the determination of the Comptroller in canceling the sale of certain lands made to the state, and the only question involved was whether the forest commission, as such, had the power to institute the proceedings. In the course of the discussion the court reiterated what it had said in People v. Turner. The state was the purchaser at the tax sale, and it had an interest in the cancellation, such as an individual who had purchased would have; and the duty of custody and control devolving upon the forest commission might well give it the right to intervene to prevent the rights of its principal from being taken away in the setting aside of the sale. In neither of the cases was the forest commission given any greater rights than would have been accorded an individual having constructive possession only. Under the Revised Statutes (2 Rev. St. [2d Ed.] p. 312, pt. 3, c. 5, tit. 2, § 1), to entitle a party to institute an action to determine claims to real property, he must have been in actual possession of the lands. In Churchill v. Onderdonk, 59 N. Y. 134, in commenting upon the meaning of the statute, Folger, J., says:

"'Actual possession,' as a legal phrase, is put in opposition to the other phrase, 'possession in law,' or 'constructive possession.' Actual possession is the same as pedis possessio or pedis positio, and these mean a foothold on the land, an actual entry, a possession in fact, a standing upon it, an occupation of it, as a real, demonstrative act done. It is the contrary of a possession in law, which follows in the wake of title."

This definition would apply equally well to that occupancy requiring notice to redeem from a tax sale. Whatever the rights of the forest commission may be with respect to care, custody, and control, the Legislature has not placed it in such possession of the wild and unoccupied lands within the forest preserve as makes it an actual occupant, whose time for redemption is extended by failure to serve a written notice to redeem.

The determination of the Comptroller must be reversed, with $50 costs and disbursements to the relator. All concur.