FRANK H. PARSONS, APPELLEE, V. PRUDENTIAL REAL ESTATE COMPANY ET AL., APPELLANTS.

FILED MARCH 10, 1910.   No. 16,542.

1. **Tax Sales:** RIGHT OF REDEMPTION. The right of redemption from a tax sale under the scavenger act is a property right belonging to those having an interest in the real estate, and not to a mere trespasser.

2. ———: CONFIRMATION: NOTICE. An actual occupant of real estate, either claiming an interest therein in privity with the owner, or claiming title or a right of possession adversely to the owner, has such an interest in the property as that notice to him is essential before a valid confirmation of such sale can be had; but a mere trespasser claiming no title or interest in the property, and having no duty to pay the taxes, is not an actual occupant upon whom personal service of notice must be had in order to vest the court with jurisdiction to confirm the sale.

3. ———: REDEMPTION. The owner of land sold under a tax decree in such proceedings under the scavenger act (laws 1903, ch. 75) is not entitled to redeem from the sale at any time within two years from final confirmation. In such case the two-year period runs from the sale by the county treasurer under the decree.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*D. C. Patterson,* for appellants.

*Charles Battelle, contra.*

LETTON, J.

This action was brought by the owner of certain real estate in Douglas county for the purpose of setting aside a tax deed issued under the provisions of the scavenger law. The real estate was included in the default decrees rendered in the 1904 tax suit. On the 10th of February, 1905, it was sold by the county treasurer to D. C. Patterson, trustee, who has since paid the 1904 and 1905 city, state and county taxes thereon. No "final notice" as described in section 33, ch. 75, laws 1903 (Ann. St. 1903, sec. 10676) was issued for personal service on the owners or occupants. On the 17th of October, 1906, an affidavit was filed for the service of final notice by publication upon "the unknown owners, and upon Frank H. Parsons." It alleged that Parsons was a nonresident of the state, and was interested in the real estate, and further alleged that reasonable diligence had been made to ascertain the names of the owners, but that the same could not be ascertained. A "final notice" in conformity with the statute, directed "to Frank H. Parsons, owner, and the unknown owners, and to the occupants of the real estate described below," and describing the property, was duly published. On the 16th day of February, 1907, the sale was confirmed by the district court, under the notice, and a treasurer's deed was executed on April 10, 1907. This deed was recorded. Afterwards a conveyance

was made to the Prudential Real Estate Company, which now claims to be the owner of the property. In his petition the plaintiff asks to be allowed to redeem from the sale, and offers to pay the amount bid at the tax sale, with interest and costs, and subsequent taxes with interest.

The plaintiff bases his right to redeem upon two propositions: First, that in the fall and summer of 1906 one Wesley Parker was in the actual occupancy of the real estate, and that, no final notice being served upon him as required by statute, the confirmation proceedings were void; second, that even if the confirmation proceedings were valid, he is entitled to redeem at any time within two years after the confirmation of the sale. Section 33, ch. 75, laws 1903 (Ann. St. 1903, sec. 10676), provides: "It shall be the duty of the holder of every tax certificate (other than the state, county or city) to cause a notice, which shall be termed 'final notice' to be served upon the owner, as well as every person in actual occupancy of the lands or lots purchased, not less than three months nor more than six months from the expiration of the period of redemption." This section further prescribes the duties of the purchaser with respect to the issuance of final notice, the contents of the notice, and the manner of service, both in the county within which suit was brought, and other counties of the state. Section 34 (sec. 10677) provides: "Where the owner of any real estate is a nonresident of the state or cannot, with reasonable diligence, be found therein, or in cases where the name, or names, of such owner, or owners, cannot be ascertained by the exercise of reasonable diligence, it shall be sufficient for the owner or holder of any certificate of tax sale to cause service of final notice to be made upon the person actually occupying such real estate, in the manner above provided, and to cause a notice substantially like the sheriff's final notice, signed by such owner, his agent, or attorney, to be published once a week

for three consecutive weeks in some newspaper of general circulation in the county where the land is located, or if no newspaper be published in the county, then in some newspaper published in the judicial district." This section further provides for the filing of an affidavit prior to the publication, in order to authorize the same. The plaintiff insists that the testimony establishes "actual occupancy" by Wesley Parker at the time notice was required. Parker's testimony, which is all there is on this point, is vague and indefinite. It shows that Parker in 1906, without leave or license from the owner, entered upon this lot, and cultivated it in connection with certain other lots in the same block, which he had leased; that he planted potatoes and corn thereon, and that all of the corn on the stalks was not removed before January, 1907. He did not live on the lot, was a mere trespasser, paid no rent, but took possession and cropped the ground that year. Section 3, art. IX of the constitution, provides: "The right of redemption from all sales of real estate, for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof; *provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires." The statute merely carries out this constitutional provision.

The question for determination is, therefore, whether a mere trespasser, not residing upon the land, but temporarily cultivating the same, is an "actual occupant" to whom notice must be given. The terms "occupant" or "actual occupant" are not always susceptible of precise definition. Their meaning may vary according to the context. The idea which the lawmakers intended to convey must be gathered from a consideration of the purpose of the constitutional provisions, and of the statutes in which the terms are used, as well as from the ordinary definitions given by lexicographers. Ordinarily the oc-

cupant or actual occupant of land is one in the actual possession of the premises. "Occupant" is defined in the Century dictionary as: "One who occupies; an inhabitant; especially, one in actual possession, as a tenant, who has actual possession, in distinction from the landlord, who has legal or constructive possession." The Standard definition is: "One who occupies; especially, a tenant in possession of property, as distinguished from the actual owner." Quoting from *Cutting v. Patterson*, 82 Minn. 375, " 'Actual occupancy' is defined as an open, visible occupancy, as distinguished from the constructive possession which follows the legal title. 'Actual possession' has practically the same meaning. It means possession in fact, effected by actual entry upon the premises and actual occupancy. * * * Black, Law Dict. 29, 30. The same definitions are found in 2 Bouvier, Law Dict. 254, 349."

The statutes of New York provide that, whenever any land sold for taxes should be at the time of the conveyance "in the actual occupancy of any person," written notice should be served of the time of redemption. In *Smith v. Sanger*, 3 Barb. (N. Y.) 360, it was held that it was not necessary that the occupation should be by the owner, or by a person having an interest in the land, to require service upon the occupant, and that the statute calls for the service of notice wherever there is an occupancy by any person, whether he is interested in the land or not. This holding was based upon the provisions of the laws of that state under which a mere occupant of land was subject to assessment and taxation for the real estate occupied, and which also provided that "the occupant or any other person" might redeem the land from tax sale. In that state, therefore, the broad definition of an occupant as one in possession seems to apply. But the provisions of the Nebraska statute are very different from those of New York. The right of redemption under section 27 of the act (laws 1903, ch. 75) is limited. It provides: "Any person, or corporation, *having an interest*

*in any real estate* against which a decree has been entered shall have the right to redeem from such decree by paying to the county treasurer. * * * Any redemption shall inure to the benefit of any person having the legal or equitable title to the property redeemed." The right' of redemption under our law is a property right belonging to those having an interest in the real estate, and not to a mere trespasser. A reasonable interpretation of our law would seem to be that any occupant of real estate *claiming an interest therein,* either through some conveyance, license, lease, contract, or any other act in privity with the owner, or any occupant claiming title or a right of possession adversely to the owner, would have such an interest in the property as that notice to him would be essential before a valid confirmation could be had, but that a mere trespasser, claiming no title or interest in the property either in privity with, or adverse to, the actual owner, whose possession was a mere entry for cropping purposes, as Parker had, and having no duty to pay the taxes, is not an actual occupant upon whom personal service of notice must be had in order to vest the court with jurisdiction to confirm the sale. The later cases in New York support this view. *People v. Campbell,* 143 N. Y. 335; *People v. Turner,* 145 N. Y. 451. To the same effect are *Cutting v. Patterson,* 82 Minn. 375, *Drake v. Ogden,* 128 Ill. 603, and *Whities v. Farsons,* 73 Ia. 137. We are of opinion that the evidence does not establish that Parker was an actual occupant upon whom it was essential to jurisdiction that a final notice be personally served, and that the confirmation was authorized.

It is next contended that, even if the sale was valid, it was not complete until confirmation, and that the owner of the property is entitled to two years after the confirmation and completion of the sale within which to redeem. The plaintiff relies upon the case of *Smith v. Carnahan,* 83 Neb. 667, in which it was held that the two-year right of redemption granted by the constitution ap-

plied to judicial sales for unpaid taxes, as well as to administrative sales. He also cites *Logan County v. Carnahan,* 66 Neb. 685; *Selby v. Pueppka,* 73 Neb. 179; *Wood v. Speck,* 78 Neb. 435, *and Barker v. Hume,* 84 Neb. 235. In none of these cases were the proceedings brought under the statute under consideration. No administrative sale by the county treasurer had been made, and the action in each of these cases was for the foreclosure of a tax lien. The proceedings had were substantially the same as in the foreclosure of mortgages. No sale took place until that made by the sheriff under the decree, and no period of redemption from the sale was conferred by the statute under which the suit was brought. Under such circumstances it was held that the provisions of the constitution, giving the owner two years to redeem from tax sales, were mandatory and self-executing, and that, since the only sale had was the judicial sale, the redemption period did not expire until two years after the completed sale. But the statute under which the sale of this real estate was had presents entirely different provisions and conditions. It provides for a sale by the treasurer under the decree, but it also protects and enforces the two-year redemption period before the confirmation, and thus specifically provides a manner of operation for the constitutional guaranty which was lacking in the cases relied upon, and which in such cases required the intervention of the court to be made effective. While in the *Carnahan* case it was properly said that the sale was a judicial sale, and that it was the completed sale from which the owner had a right to redeem, the "judicial sale" spoken of was of a different character, and the rights of the landowner thereunder were based upon a different proceeding from the sale under consideration. The reasons for the rule of that case do not appear in these proceedings, and the rule is not applicable to such a sale. In the one case no statute provided for the right of redemption, in the other the matter has been fully provided for. To hold as the plain-

tiff desires would practically nullify or render ineffective the beneficent operations of the scavenger act by postponing the final completion of a title under such act for four years from the time of sale. This could not have been the intention of the legislature, and we do not feel warranted in thus emasculating the purpose of the act. So far as appears from this record, the proceedings under the sale and confirmation were regular in all respects, and the right of redemption expired on the 10th day of February, 1907.

This being so, the judgment of the district court must be

REVERSED.

REESE, C. J., dissenting.

I cannot agree to the conclusion of my associates as to the disposition of this case. Section 3, art. IX of the constitution, provides that "occupants (of real estate sold for taxes) shall in all cases be served with personal notice before the time of redemption expires." This section of the constitution is followed up by section 214, ch. 77, art. I, Comp. St. 1909, which requires that the notice under consideration shall "be served on every person in actual possession or occupancy of such land or lot", and, until that is done, "no purchaser at any sale for taxes or his assignee, shall be entitled to a deed for the land or lot so purchased." Section 33, ch. 75, laws 1903, cited and quoted in the majority opinion, is equally positive in requiring the final notice to be served upon "every person in the actual occupancy of the lands or lots." To my mind there can be no kind of doubt but that Parker was an "occupant" of the lot in question. He was cultivating it, raising annual crops thereon. He actually occupied it. He was in possession of it. A stranger could not have legally divested him of that possession or interfered with his occupancy. As to all the world, except the owner, his possession was unassailable. Now, is it for the holder of the tax certificate, or the purchaser at

tax sale, to inquire into the right of such an occupant, or why he is there, and, if not in privity with the owner, that his possession and occupancy, such as it may be, if actual, shall or may be ignored? I do not so read the constitution nor the statutes.