(89 South. 547)
STATE ex rel. ATTORNEY GENERAL v. JEBELES et al. (6 Div. 278.)

(Supreme Court of Alabama. June 9, 1921.)

1. **Intoxicating liquors** ⬯250—Burden of proof held upon state seeking to forfeit property.

In a proceeding in equity under Acts 1919, p. 12, § 12, to confiscate real estate because of use of such premises in connection with manufacture of prohibited liquors, where owner had leased the same to a tenant who was in actual possession, the burden was upon the state to show that owner had actual or constructive notice of the unlawful use of the premises.

2. **Intoxicating liquors** ⬯247—What constitutes constructive notice of improper use of real estate.

To show constructive notice which will render subject to forfeiture land used by tenant in possession in connection with manufacturing of prohibited liquors under Acts 1919, p. 12, § 12, the state must show a state of facts that would put a prudent owner upon inquiry and which would lead to the discovery of such facts as would lead to a knowledge of the existence of the apparatus or appliances used.

3. **Intoxicating liquors** ⬯250—Evidence held sufficient to sustain finding that owner of real estate had no notice of unlawful manufacture of liquor.

In action by the state under Acts 1919, p. 12, § 12, to confiscate real estate which had been used by tenant in possession in connection with manufacture of prohibited liquors, evidence *held* to justify finding of court that defendant owner did not have notice actual or constructive that the premises contained any apparatus or appliances used in connection with a violation of the prohibition laws.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the State of Alabama against Penelope Jebeles, the Jebeles & Colias Confectionery Company, and the Colias Candy Company, a corporation, seeking to condemn certain real estate situated in the city of Birmingham because used for the housing and operation of a distillery or plant for the man-

ufacture of prohibited liquor. ѵ m a decree denying condemnation, the State appeals. Affirmed.

Penelope Jebeles was the owner of the lot and building in question, but does not appear to have been connected in any way with the Colias Candy Company. The building had been leased by her to the Colias Candy Company, and they were in possession under the lease and had been for some time when the apparatus for manufacturing whisky was discovered as being operated in the building. The state points out the following evidence as indicating knowledge or notice to Penelope Jebeles or her husband of facts sufficient to justify a condemnation of the property (by the arresting officer) :

"Some time after we were in there, maybe half an hour, I came down to the ground floor and came to the door, and Mr. Jebeles and his wife came to the door and wanted in, and I told them we had taken charge of the building and that they could not come in, and he walked down the street, and in a few minutes they came back and came in and got some bundles in the office and went back"

—also evidence showing the various real estate transfers from Jebeles and Colias to the Jebeles & Colias Confectionery Company, together with a mortgage, its foreclosure, final deeds to Penelope Jebeles; also evidence showing that at one time the Jebeles and the Coliases formed a corporation to do a candy-making and a bakery business, the mutual dissolution of the corporation, the Jebeles taking the bakery business and the Coliases taking the candy business, and that in the candy business the Jebeles were no longer interested.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

Counsel insist that, under the facts in the case, Penelope Jebeles, the owner of the building, was in possession of sufficient facts to lead to knowledge of the purposes to which the building was being put, and that in either of them the property should be condemned. 96 U. S. 395, 24 L. Ed. 637.

Weatherly, Birch & Hickman and Frank Deedmeyer, all of Birmingham, for appellees.

The judgment of the circuit court should be affirmed. 17 Blatchf. 325, Fed. Cas. No. 5803; 203 Ala. 90, 82 South. 104; 204 Ala. 437, 85 South. 741; 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555; 249 Fed. 586, 61 C. C. A. 509; section 12 of the Prohibition Act.

ANDERSON, C. J. This was a proceeding in equity under section 12 of Acts 1919, p. 12, to confiscate or condemn certain real estate, upon the theory that the owner had forfeited the same to the state of Alabama because of permitting the use thereof in connection with the distilling or manufacture of prohibited liquors, the state's contention being that the Colias Confectionery Company, the tenant of Penelope Jebeles, the owner of the building, operated a still in a portion of said building contrary to the laws of Alabama, and that the said owner permitted her said tenant to do so. The proof showed that the said Penelope Jebeles is the owner of the building but that the same was in the actual possession of her said tenant the Colias Confectionery Company, and the trial court released said building, and in effect held that the title or ownership had not been forfeited because the proof did not show that Mrs. Jebeles had actual or constructive notice of the use of the said building in the violation of the prohibition law, and the state appeals from said decree.

It is true that section 12 of the act in prescribing a forfeiture and providing for the condemnation of the premises upon which the apparatus or appliances are found uses the word "permitted" as applicable to the owner, and does not say, "who knowingly, permitted and," etc. But said section 12 must be considered in pari materia with section 9 of the same act, which makes it unlawful to permit or allow these things upon the premises and provides for a forfeiture of the premises, and which said section 9 contemplates and requires that in order to work a forfeiture of the premises the owner must have knowledge, actual or constructive, of the existence of said apparatus or appliance upon his premises. This is so, not only because of the harshness and unreasonableness of a contrary rule, but said section 9 is so worded as to indicate that the lawmakers had notice in mind when providing for a forfeiture of the premises, as said section prescribes a rule of evidence as to what shall constitute prima facie evidence of knowledge. Said section in part says :

"And when such apparatus, plant or structure is found upon said premises, the fact shall be prima facie evidence that the tenant or owner in actual possession of the premises has knowledge of the existence of the same, and of the purpose for which the same were to be used."

It must be noted that the statute does not make the finding of same upon the premises prima facie evidence of knowledge on the part of any or all tenants or owners, but only as to those in the "actual possession of the premises," and is therefore confined to an occupant or one in pedis possessio as distinguished from the legal or constructive possession.

" 'Actual possession,' as a legal phrase, is put in opposition to the other phrase, 'possession in law,' or 'constructive possession.' Actual possession is the same as pedis possessio or pedis positio, and this means a foothold on the land, an actual entry, a possession in fact, a standing upon it, an occupation of it,

as a real, demonstrative act done. It is the contrary of a possession in law, which follows in the wake of title." People ex rel. Turner v. Kelsey, 96 App. Div. 148, 89 N. Y. Supp. 416.

"Actual possession exists where a thing is in the immediate occupancy of the party; constructive [possession] is that which exists in contemplation of law, without actual personal occupation." Brown v. Volkening, 64 N. Y. 76.

" 'Actual possession' * * * means possession in fact, effected by actual entry upon premises and actual occupancy." Parsons v. Prudential Co., 86 Neb. 271, 125 N. W. 521, 44 L. R. A. (N. S.) 666.

[1, 2] We therefore hold that, as Mrs. Jebeles was not in the actual possession of the premises by herself or through an agent, but had leased the same to the Colias Confectionery Company, which was in actual possession, the burden was upon the state to show that she had actual or constructive notice that the unlawful apparatus or appliances were upon the premises as a condition precedent to a forfeiture and condemnation of her property. As to what will or will not amount to sufficient notice, we can only determine as the question may arise. It is sufficient to say that little difficulty should arise in determining what amounts to actual notice, and to constitute constructive notice the state should show such a state of facts that would put a prudent owner upon inquiry and which would lead to the discovery of such facts as would lead to a knowledge of the existence of said apparatus or appliance, if followed up by said owner. Of course, if the owner or tenant is in the actual possession of the premises when these instrumentalities are found, this would be prima facie evidence of knowledge on his part, and the burden of proof would be upon him to rebut this prima facie evidence by showing that he did not have notice, actual or constructive, of the existence of said unlawful instrumentalities being upon his premises.

This holding in no wise conflicts with that line of decisions dealing with the forfeiture and condemnation of vehicles and other personal property used in connection with the transportation of outlawed liquors as provided by section 13 of the act in hand. Here we are dealing with the forfeiture and condemnation of realty as governed by sections 9 and 12, provisions manifestly different as to language and purpose from said section 13.

[3] We may state in conclusion, however, that regardless of the burden of proof, a careful consideration of the evidence in the case at bar fully justified the trial court in concluding that Mrs. Jebeles did not have notice, actual or constructive, that her premises contained any apparatus or appliances used in connection with a violation of the prohibition laws of the state, and the decree of the circuit court is accordingly affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.